JOHN BRINKERHOFF *et al.*

*v.*

JOSEPHUS H. EVERETT *et al.*

1. HOMESTEAD EXEMPTION—*minors—abandonment.* It is no abandonment of the homestead by children, some of them being minors, who after the death of the father, are taken away from the homestead to reside among their kindred.

2. SAME—*premises may be rented for benefit of children, the parent having died when in its occupancy.* The homestead occupied by the father at the time of his death, may be rented by the guardian of minor children for their benefit, and this is no abandonment.

3. SAME—*judgments—sale.* A sale of the homestead by virtue of judgments obtained against the father, made under executions issued after his death, will be set aside upon application to a Court of Equity by minor heirs against the purchaser and judgment creditors.

4. SAME—*personal occupancy not necessary as to widows and minors.* Decision of this Court in Walters against The People, 21 Ills. 178—that the "occupancy" required by the statute might be by a tenant for the benefit of the widow and minor children, and that their interests would be protected as well as her's, is affirmed.

5. SAME—*what is sufficient occupancy.* In order to give the statute in relation to homesteads, effect, it must be construed as requiring only such occupancy as the condition and best interests of the parties on whom the homestead right has devolved, may require.

WRIT OF ERROR to the Circuit Court of the County of Putnam ; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

On the 28th day of July, 1864, the defendants in error filed their bill in chancery in the Putnam Circuit Court, for the purpose of setting aside the sale of lot No. two, in block No. one, Front Street, in the town of Hennepin, belonging to one Jeremiah Everett at the time of his decease, which sale was made by the Sheriff of said County, under several judgments obtained against him, executions having issued and sale made subsequent to his death. The bill charges, that on the 5th of

March, 1859, and from that time until the time of his death, Everett was the owner of said lot in fee simple, and of the dwelling thereon ; that said premises were worth not exceeding $1000 ; that said premises were on said 5th day of March, and for a long time prior thereto, occupied by said Everett as a residence, he being during all that time and up to the time of his death, a householder, and having a family and residing on said premises with his family as a dwelling and homestead, and the same continued to be so occupied by him and his family up to the time of his death; that in the life time of said Everett, judgments were obtained against him in favor of John Brinkerhoff, and others ; that subsequent to Everett's death, executions were issued thereon, due notice having been previously given to the administrator ; that Everett died on the 15th of July, 1860, leaving no widow, but several children, some of them being minors ; that the Sheriff levied on said lot, and on the 18th of May, 1864, sold it to Thomas Dent for $726 ; that Dent purchased in trust for the benefit of the judgment creditors; that none of said judgments were rendered upon debts contracted prior to the 4th of July, 1841, and none for debts incurred for the purchase of or for improvements made upon said lot, and that said premises were a homestead, and not subject to sale as against the children. It was further charged that after the death of said Jeremiah, the minor children were removed to reside elsewhere among their kindred, and that said premises were leased by their guardian for the benefit of the children, they having no other means of support. The bill prayed that the executions might be set aside, that the certificate of purchase delivered to Dent might be canceled and for general relief. On the 16th of March, 1865, the case being heard on bill, answer, replication and proof, a decree was rendered in conformity with the prayer of the bill, that the executions be set aside, that the certificate of purchase be surrendered and canceled, and the defendants perpetually enjoined from selling said lot. To this decree defendants excepted.

Messrs. ARRINGTON and DENT, for plaintiffs in error.

Messrs. BANGS and SHAW, for defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

One Jeremiah Everett died, July 5th, 1860, there being at the time certain judgments against him belonging to a part of the plaintiffs in error, and rendered in a court of record. He had been occupying a homestead with four minor children, of whom three have not yet attained their majority. On his death the minors being motherless, were placed by their guardian in different families, one of them residing with him, and the homestead was rented for their benefit. About three years after the death of their father, executions were sued out on the judgments and levied on the homestead, and it was sold. The heirs filed their bill against the purchaser and judgment creditors, to set the sale aside, and the Court so ordered.

The point presented by this case has already been decided by this court in *Walters* v. *The People*, 21 Ill. 178, and from that decision we have no disposition to depart. It was there held that the "occupancy" required by the statute might be by a tenant for the benefit of the widow and minor children, and that their interests would be thus protected as well as her's. It is manifest, that if the statute were to be construed as requiring a personal occupancy, it would, in the case of all young orphan children, and indeed generally in regard to infants, be rendered wholly nugatory. How can girls or young children who, having lost both their parents, are generally taken to the homes of their guardians, or kindred, be expected to occupy a farm in person? In order to give the statute effect, it must be construed as requiring only such occupancy as the condition and best interests of the parties on whom the homestead right has devolved, may require. The Legislature

18—38TH ILL.

can not be supposed, while professing to legislate for the benefit of infants, to have intended to say to a young child—you shall have the proceeds of this farm during your minority if you occupy it in person, but you shall not be placed with your kindred, and let the farm be occupied by another in your name and for your use. This would have been mockery. We have no doubt that, at least in this class of cases, the occupancy may be by a tenant. This is not a case of abandonment, as suggested by the counsel for the plaintiffs in error. Even if infants are capable of abandonment, the proof in this case shows the property to have been rented by the guardian for the benefit of the minors, from which certainly no intent to abandon can be inferred.

*Judgment affirmed.*