M. J. KOONS, *et al.*, v. H. Q. RITTENHAUSE, *et al.*

HOMESTEAD; *Deed From Husband Alone, When Valid.* Where a husband and wife in 1871 resided in New York, and the husband, desiring to change his place of residence, came to Kansas and purchased real estate and resided thereon for about four years, and then sold one-half of the same, and executed to the purchaser a deed of conveyance therefor, representing himself to be a single man, and about one year afterward the wife came to Kansas, and thereafter resided upon the land with her husband, and it had been at all times the intention of the husband and wife that she should at some time come to Kansas and reside upon the land with him, and afterward the husband and wife commenced an action to set aside said deed, upon the ground that at the time it was executed the property was their homestead, and that the deed was not executed with the consent of the wife, and was therefore void, *held,* that as the property at the time when said deed was executed had never been "occupied as a residence by the family of the owner," in accordance with the homestead exemption laws, but had been occupied only by the owner himself, that it was not at that time a homestead within the meaning of such homestead exemption laws; and therefore, *held,* that the deed of conveyance from the husband alone to the purchaser of the property was not void.

*Error from Harvey District Court.*

ACTION brought by *Koons* and wife against *Rittenhause* and two others, for the cancellation of certain deeds. Trial at the March Term, 1881, of the district court, and judgment for defendants. Plaintiffs bring the case here. The opinion states the facts.

*A. L. Greene,* and *Frank Doster,* for plaintiffs in error:

1. The facts show the land to have been the homestead of the plaintiffs at the time Koons made the deed. The possession and occupancy under such circumstances by the husband, is the possession and occupancy of the family, within the law. (36 Tex. 661; 46 id. 629; 10 Iowa, 55; 68 Mo. 388; 69 id. 415.)

2. The court erred in its conclusion that the occupancy by the wife in this case was not within a reasonable time.

Plaintiffs acted in perfect good faith, and complied with

the law as fully as was within their power.    Only such occupancy is required as the condition and best interests of the parties upon whom the homestead right devolves, demand. (38 Ill. 263.    See also 21 Kas. 533; 26 id. 598.)

*J. W. Ady,* for defendant in error Rittenhause:

The land in question was never "occupied as a residence by the family of the owner." He had a wife, but she had never been in this state.    His conveyances made when she was not and never had been a resident of the state, are absolute against her, if it was not a homestead exemption. (Comp. Laws 1879, ch. 33, § 8; 23 Kas. 393.)

In other states there is nothing like § 9, art. 15, of Const. of Kansas, and § 1, ch. 38, of Comp. Laws of 1879.    I call the court's attention to the following definitive clauses from the exemption laws of other states, collated in and taken from Thompson on Homesteads: Arkansas, "Householder or head of a family;" Colorado, "Every householder being the head of a family;" California, "Head of a family;" Connecticut, "The property of any person having a wife or family;" Georgia, "Every debtor who is the head of a family;" Illinois, "Every householder having a family;" Indiana, "Any resident householder;" Iowa, "Head of a family;" Louisiana, "Occupied as a residence and *bona fide* owned by the debtor having a family, or mother, or person or persons dependent on him for support;" Maine, "The property of a householder in actual possession thereof;" Massachusetts, "Every householder having a family;" Michigan, "The homestead owned and occupied by any resident of this state;" Minnesota, "Any resident of this state;" Missouri, "Housekeeper or head of a family;" Mississippi, "Every citizen of this state, male or female, being a householder and having a family;" New Hampshire, "The wife, widow and children of every debtor who is owner of a homestead, or any interest therein, occupied by himself or his family;" New York, "Debtor being a householder and having a family;" Ohio, "Every person who has a family, and every widow;" Oregon, "Property if owned

by a householder and in actual use;" Tennessee, "Heads of families;" Texas, "To every family;" Vermont, "Every housekeeper or head of a family;" Virginia, "Every householder or head of a family;" Wisconsin, "Every resident of this state."

*Bowman & Bucher*, for defendant in error Ainsworth.

The opinion of the court was delivered by

VALENTINE, J.: This was action brought by M. J. Koons, and Eva Koons, his wife, to set aside certain deeds of conveyance. The facts are substantially as follows: In 1871, the plaintiffs were married in the state of New York, where they resided. A few months afterward the husband left New York, with the intention of changing his place of residence, and came to Kansas, where he settled upon a piece of government land containing 160 acres, with the intention of procuring it under the government homestead laws, and making it his permanent home. At the time he left New York, and afterward, it was the intention of both the husband and wife to reunite in Kansas as soon as the husband had procured a permanent home. The husband made improvements upon the land, and otherwise complied with the government homestead laws, and finally obtained a patent from the government for the land, and has occupied the same, or at least one-half thereof, ever since. The plaintiffs have no children, nor any family except themselves. In 1876, Eva Koons started for Kansas, her husband having sent her money for that purpose. She came as far as Illinois, and while there visiting friends became sick, and returned to New York. About this time, the plaintiff M. J. Koons conveyed by deed of general warranty eighty acres of said land to the defendant Daniel Ainsworth, and Ainsworth afterward, together with his wife, Charlotte E. Ainsworth, conveyed the same by deed of general warranty to the defendant H. A. Rittenhouse. The plaintiff M. J. Koons, while making proof of his improvements for the purpose of securing a patent, represented himself

to be a single man, and the certificate of the notary public before whom the acknowledgment of the deed from him to Ainsworth was taken also certified that he was a single man. In 1877, Eva Koons came to Kansas, and joined her husband upon the land. During the time that she was in New York she did not keep house, but worked out by the week; and during all that time intended as soon as possible to join her husband in Kansas, and her husband intended all the time that she should so join him. The wife knew nothing of the making of the deed to Ainsworth, and neither Ainsworth nor Rittenhause ever took actual possession of the property.

Upon these facts the court below rendered judgment in favor of the defendants and against the plaintiffs for costs, and refused to set aside said deeds.

We think this case is virtually decided by the case of *Farlin v. Sook*, 26 Kas. 398. About the only difference between the two cases is, that in the case of *Farlin v. Sook* there was no intention on the part of the owner of the land that his family should ever reside upon the same; while in this case there was a secret intention and understanding all the time existing between the husband (who was the owner of the land) and his wife, that she at some time should come from New York to Kansas, and should then reside upon the land. Except for this secret understanding and intention on the part of Koons and his wife, the two cases are identical; and we do not think that this secret understanding and intention can make any difference in the case. No person can hold property under our homestead exemption, laws, unless the property is "occupied as a residence by the family of the owner." (Const., art. 15, § 9; Comp. Laws of 1879, p. 437, § 1.)

Now prior to the execution of the deed by Koons to Ainsworth, the family of Koons had never occupied the property, as a residence or otherwise. Koons, the owner of the property, had "occupied" the same, but his family never had; and Koons, the owner of the property, had "occupied the same as a "residence," but his family never had. This did not meet the requirements of the homestead exemption laws.

It is the *family* of the owner, and not merely the owner, who must *occupy* the homestead; and it is the *family* of the owner, and not merely the owner, who must occupy the same as a *residence*. Such are the requirements of the homestead exemption laws of Kansas. In many states the homestead exemption is given to the owner who has a family, or to the head of the family; but in Kansas it is given with special reference to the *family*, and must be *occupied* by the *family* as a *residence*.

It is said by counsel for defendants that Kansas is the only state which requires both occupancy and residence, and occupancy and residence by the family. We suppose that this is true; and if true, then the decisions from other states, holding that a husband alone may occupy and hold a homestead, could have but little weight in this state. We refer to the brief of defendants in error, as showing the language used by the constitution and laws of various states defining who may have the benefit of the homestead exemption laws. Also, see Thompson on Homesteads, §§ 40, 41. When the plaintiff M. J. Koons executed the deed for a portion of his land to Ainsworth, we do not think it was a homestead "occupied" as a "residence" by the "family" of the owner. It was a homestead occupied by the owner alone, and therefore it does not come within the provisions of the homestead exemption laws. When Koons executed the deed to Ainsworth, he had occupied the land for over four years; and yet his wife, who was all the family that he had, still remained in New York, and had never been in Kansas; and she did not come to Kansas for nearly another year after the deed was executed, and until Ainsworth and wife had conveyed the property to Rittenhouse.

The judgment of the court below will be affirmed.

All the Justices concurring.