ANNIE E. SHIRACK, *as Guardian of LeRoy Pettit, a minor*, v. ANTHONY SHIRACK, *as Administrator of the estate of William H. Pettit, deceased.*

INFANT'S HOMESTEAD RIGHT, *Not Forfeited.* On the claim of a homestead right by a minor child, it appeared that the deceased father with his child occupied the premises as a home during his lifetime; that he died when the child was about eighteen months old, leaving it as his only surviving heir; that a neighbor was then appointed guardian, who took the child to her home and leased the premises, using the rents for the support of the child and to pay the taxes on the premises; that about three years afterward the general creditors of the estate of the deceased sought to have the proceeds arising from the sale of the premises applied to the payment of their claims; but it did not appear that there was a purpose to permanently abandon the homestead or to waive the homestead right: *Held*, That these facts do not of themselves show a relinquishment or forfeiture of the infant's homestead right.

*Error from Saline District Court.*

THE opinion states the case.

*B. C. Cranston,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: On November 10, 1884, William H. Pettit, a widower, with one child about one year old, owned and resided upon a quarter-section of land in Saline county, and on that day he executed and delivered a mortgage upon the same. He and his child, whose name is LeRoy Pettit, resided upon the land until May 20, 1885, when he died intestate, leaving LeRoy as his only heir. On November 25, 1885, Annie E. Shirack was duly appointed guardian of the person and estate of the minor, and immediately qualified and entered upon the performance of her duties as such guardian. The guardian resides with her husband on a farm about five miles distant from the Pettit homestead, and immediately after the death of Pettit she took the minor child to her own home, and since that time she has had control of the homestead, leasing the

same and paying the rents toward the support of the child, and paying the taxes on the land so far as she could. On September 25, 1887, a judgment of foreclosure of the mortgage was rendered, and on June 9, 1888, the land was sold to satisfy the judgment, costs and taxes on the same for the sum of $675. The sale was confirmed on June 12, 1888, when it was found that after the payment of the judgment, taxes and costs, there remained a surplus of $390. The estate of William H. Pettit, deceased, is insolvent, and there are judgments and allowances against the same in the probate court of Saline county of more than $390, and the administrator of the estate asks that this surplus be paid to him and applied to the payment of the debts of the estate. A motion was made by the guardian of the minor asking that the remainder of the proceeds of the sale be paid to her for the benefit of the minor, claiming that the property was a homestead which descended to LeRoy, as the only heir, and exempt from the general debts of the estate. At the March term, 1888, the motion was submitted to the court upon an agreed statement of facts, but the court overruled the same, and made an order directing the payment of the surplus to the administrator to be applied on the debts of the estate. This ruling is assigned as error.

If the property was and is impressed with the homestead character, then the child is entitled to the surplus proceeds of the sale, instead of the general creditors of the deceased father. The facts are presented here in the same form as in the district court, and hence we are not concluded by the finding thereon of that court, but we can as fully examine and determine the question of law arising on the agreed statement of facts as can the district court. (*Railway Co. v. Butts,* 7 Kas. 308.) From the facts presented, there can be no question that the land was impressed with the homestead character during Pettit's lifetime, as there was actual personal occupancy by himself and infant child up to the time of his death. Does the fact that the infant was removed to the home of a neighbor for a period of about two years before

the action of foreclosure was begun prejudice its statutory right of exemption and divest the land of its homestead character? The infant was only about eighteen months old at the death of its father, and it being the only remaining member of the family, an uninterrupted and continuous personal occupancy may have been impracticable. Although the little one was removed to the home of a neighbor, there is no statement in the agreed facts that it was either the purpose of the guardian or of the child—if it can be said to have an intention—to make that place its permanent home, or to abandon the Pettit property as a homestead. It is true that continued occupation after the death of the father was necessary in order to preserve the homestead to the orphan. (Gen. Stat. of 1889, ¶ 2593.) The rule requiring actual occupancy, however, "does not apply strictly, in all cases, where the claim is made by the widow or minor children surviving the owner of the property occupied by the owner as a homestead at the time of his death. Although it is necessary that there should have been sufficient occupancy of the premises by the husband or father, prior to his decease, to impress them with the homestead character—and the object of the law is to preserve the rights of the survivors to the property, in order that they may occupy it—the courts are much more liberal in construing the provisions of the statute having reference to occupancy by the widow or surviving minor children." (Thomp. Homest., § 242.) In *Brinkerhoff v. Everett*, 38 Ill. 263, where both parents were dead, the minor children were taken from the homestead by their guardian and placed in the homes of their kindred, and the premises were leased by the guardian for the benefit of the children, they having no other means of support. It was held that such a removal did not forfeit the homestead right of the minors; and the fact that the property was rented by the guardian for their benefit did not constitute an abandonment. (See also *Rhorer v. Brockhage*, 86 Mo. 544; *Johnston v. Turner*, 29 Ark. 280.) There was no declaration of a purpose to permanently abandon the homestead, nor do the facts show a design on the part of

anyone to waive the homestead right. A mere temporary absence, although it may be prolonged for months, or years, is not sufficient to divest the homestead right; and the fact that the premises were rented during the temporary absence is not of itself sufficient to destroy the homestead right. (*Hixon v. George*, 18 Kas. 253.)

In view of the extreme youth and helpless condition of the minor, and the liberal construction which should be applied in such cases, we conclude that an absence, not shown to be permanent, will not constitute a relinquishment or forfeiture of the infant's homestead right. The judgment of the district court must therefore be reversed, and the cause remanded, with instructions to order and award the surplus proceeds of the sale to the guardian for the benefit of the minor.

All the Justices concurring.