## R. T. BATTEY v. NANCY A. BARKER.

### No. 11,741. (64 Pac. 79.)

HOMESTEAD AND EXEMPTION—*Rights of Heirs.* The owner of a farm occcupied as a homestead resided on the same with an unmarried daughter twenty-seven years old. He died intestate, leaving the daughter as his sole heir, and she continued to occupy the land. *Held*, that the land was subject to sale for the debts of the decedent.

Error from Marion district court ; O. L. MOORE, judge. Opinion filed March 9, 1901. *In banc.* Reversed.

*Keller & Dean*, for plaintiff in error.
*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Charles Barker, the father of defendant in error, died intestate, seized of about 146 acres of land. He was a widower, and the defendant in error is his only surviving child. She is about twenty-seven years old and unmarried. At the time of the death of Charles Barker the land above mentioned was occupied by him as a homestead. His daughter, Nancy A. Barker, resided with him and constituted his family. The question presented is whether the land, which continued to be occupied by the daughter after her father's death, is subject to sale for the debts of the decedent? The statutory law is found in the chapter devoted to descents and distributions. We quote :

"A homestead to the extent of 160 acres of farming land, . . . occupied by the intestate and his family, at the time of his death as a residence, and continued to be so occupied by his widow and children after his death, . . . shall be wholly exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children. . . ." (Gen. Stat. 1899, § 2442; Gen. Stat. 1897, ch. 109, § 2.)

"If the intestate left no children, the widow shall be entitled to said homestead; and if he left children and no widow, such children shall be entitled to the same." (Gen. Stat. 1899, § 2444; Gen. Stat. 1897, ch. 109, § 4.)

"If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided, one-half in value to the widow and the other one-half to the children." (Gen. Stat. 1899, § 2445; Gen. Stat. 1897, ch. 109, § 5.)

The constitutional provision concerning homestead exemption reads :

"A homestead to the extent of 160 acres of farming land,  .  .  .  occupied as a residence by the family of the owner,  .  .  .  shall be exempt from forced sale under any process of law.  .  .  ." (Art. 15, § 9.)

It will be seen that both the statute and constitution make the fact conspicuous that the homestead right is for the benefit of the family. During the lifetime of Charles Barker, and while he lived on the land with his daughter, it was occupied as a residence by the family of the owner and was exempt; but upon the death of the owner a different question arises, rendering it necessary to decide whether defendant in error, although continuing to occupy the land, can hold the same as a homestead free from the debts of her father. In *The King against The Inhabitants of Darlington*, 4 Term R. 797, 800, the word "family" was defined by Lord Kenyon as follows :

"In common parlance, the family consists of those who live under the same roof with the *pater familias;* those who form (if I may use the expression) his fireside. But when they branch out, and become the heads of new establishments, they cease to be a part of the father's family."

In *Koons v. Rittenhouse*, 28 Kan. 359, 363, the court said :

"It is the *family* of the owner, and not merely the owner, who must *occupy* the homestead ; and it is the *family* of the owner, and not merely the owner, who must occupy the same as a *residence*. Such are the requirements of the homestead-exemption laws of Kansas. In many states the homestead exemption is given to the owner who has a family, or to the head of a family ; but in Kansas it is given with special reference to the *family*, and must be *occupied* by the *family* as a *residence*.

"It is said by counsel for defendants that Kansas is the only state which requires both occupancy and residence, and occupancy and residence by the family. We suppose that this is true; and if true, then the decisions from other states, holding that a husband alone may occupy and hold a homestead, could have but little weight in this state."

In *Farlin v. Sook*, 26 Kan. 397, 404, it was said:

"The homestead laws apply only to families, and not to single individuals, and apply only where the family occupies the homestead as a residence, and not where the family resides somewhere else."

While Charles Barker was alive the daughter constituted a family of which he was the head, but after his death there was no longer any head to the family. During Barker's lifetime, and while his daughter lived with him, the property was impressed with a homestead character, and it could have been sold and conveyed free from the debts of the owner. If the deceased had left other adult children, the homestead would have been subject to partition, and in such case, under the decision in *Dayton v. Donart*, 22 Kan. 256, upon a division being made, the land would be chargeable with the debts of the deceased ancestor. If an estate is divisible in a case where it is inherited and occupied by more than one adult child of the deceased, and would under such circumstances be chargeable with the debts of the father, it follows logically that when one such child inherits the homestead it immediately loses its homestead character and becomes liable at once for the debts of the decedent. It would also be subject to such debts if occupied by a minor child but for sections 2444 and 2445 of the General Statutes of 1899, above set out. (*Shirack v. Shirack*, 44 Kan. 653, 24 Pac. 1107.) In *Vandiver v. Vandiver*, 20 Kan. 501, it was held that the word "children," used

in section 2442 of the General Statutes, *supra*, includes both adults and minors.   The question in that case involved the right of adult children living away from the homestead to inherit any portion of the same upon the death of their father.   Such children were determined to have an inheritable interest, but the question of the liability of such interest for the debts of the ancestor was not involved.   As heretofore held, when the right to inherit the homestead is in question, the word "*children*" applies equally to adults and minors ; but when the right to withhold the property from appropriation to pay debts of the former owner is involved, in a case like this, the children of the intestate must be minors, and in such cases the exemption to them extends only to the period when the estate becomes subject to partition under the law—that is, when all the heirs arrive at the age of majority.

We are not called upon to decide, nor do we find that the question has been passed upon by this court, that where the head of a family residing on a homestead loses his wife and children, the right once fixed by law to hold the homestead as against creditors is divested by such circumstance.   (See *Farlin v. Sook*, supra, page 403 ; *Anderson v. Kent*, 14 Kan. 207.)

In the present case the defendant in error, prior to the death of her father, had no control of the property she afterward inherited.   Her interest first attached upon his death, and being an adult child she took the land divested of its homestead character, chargeable with the debts of the deceased owner.

The judgment of the court below will be reversed and a new trial ordered.