A. ELLINGER & Co. *et al.* v. M. THOMAS.

No. 12,138.   (67 Pac. 529.)

SYLLABUS BY THE COURT.

1. HOMESTEADS AND EXEMPTIONS — *Occupation by Widower Alone.* The constitution exempts homesteads only when "occupied as a residence by the family of the owner"; therefore, a homestead claimant, whose wife is dead, and whose children have grown to maturity and moved away and ceased their dependence on him and no longer constitute part of his family, no one else being associated with him in the family relation, cannot continue to retain the homestead exemption.

2. —— *Judgment Lien.* A homestead cannot be acquired on land to the prejudice of an existing judgment lien.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed January 11, 1902. *In banc.* Reversed.

*R. H. Jaquith,* and *B. W. Jaquith,* for plaintiffs in error.

*J. Harvey Frith,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This case presents another phase of the homestead-exemption claim. The defendant in error, M. Thomas, is the owner of a house and lot. It had been occupied by him and his family as a resi-

dence, and, of course, while so occupied, was a home-
stead and exempt from the demands of creditors.  He
still occupies it as a residence, but his wife is dead,
their children have grown to maturity, have removed
from the ·homestead, are engaged in vocations for
themselves, and are nowise dependent on him, nor is
any one else associated with him in the family rela-
tion.  A qualification of the statement of the children's
removal and absence will be mentioned presently.
The plaintiffs in error, A. Ellinger & Co., recovered a
judgment against M. Thomas, and sought to satisfy
it by a sale of his house and lot.  To this he inter-
posed a claim of homestead exemption.  Judgment
went in his favor in the court below, to reverse which
proceedings in error have been prosecuted to this
court.

The question whether real estate once impressed
with the homestead character loses such character by
the death or removal of all of the owner's family, he,
however, continuing to occupy the home, is thus di-
rectly presented.  Our judgment is that under such
circumstances the homestead right ceases.  The con-
stitution (art. 15, §9) exempts homesteads when
''occupied as a residence by the family of the owner,''
and it is the meaning of these quoted words that we
are called on to determine.  There are several deci-·
sions on claims of homestead exemption where the
required occupancy was, as in this case, that of one
person alone, but none of them was made on a state
of facts entirely like those of the present controversy.

In *Chambers v. Cox*, 23 Kan. 393, it was held that
the husband's separate deed of the homestead did not
convey title, notwithstanding the wife had never oc-
cupied the home with him, but had abandoned him
without cause, and had never been a resident of the

state.   The facts of this case were perhaps meagerly stated.   They were alleged in an answer to which a demurrer was filed.   Error was prosecuted on the answer and demurrer.   The matters principally discussed by both court and counsel were, first, the constitutional prohibition against the alienation of homesteads without the joint consent of husband and wife ;  and, second, section 8 of the chapter on descents and distributions (Gen. Stat. 1901, § 2510), which declares that a wife shall not be entitled to any interest in lands conveyed by the husband unless she was or had been a resident of the state.   The effect of the husband's sole occupancy of the land to impress it with the homestead character was adverted to in the following sentences only :  "Neither is the presence of both husband and wife essential to the existence of a homestead.   Though one may have abandoned the other, yet either may have the children to care for and be the head of a family, and occupy a homestead."   So far as inferences are properly deducible from this case, they are that, in the court's view, the occupancy of one person alone does not satisfy the constitutional requirement.

In *Farlin v. Sook*, 26 Kan. 397, it was held that when the owner of land resides on it, but his family, consisting of his wife and children, have never been in the state, and it has never been his intention that they should reside with him, he is not entitled to the homestead .exemption.   This decision is based upon the proposition, clearly stated and elaborated in the opinion, that homestead exemptions can be allowed only when, in the language of the constitution, the property is "occupied as a residence by the family of the owner," and that the claimant in that case did not alone constitute a "family."   What was said in

the opinion concerning the retention of the homestead right by a sole survivor will be presently noticed.

In *Koons v. Rittenhouse*, 28 Kan. 359, it appeared that Koons, a married man, came to Kansas and acquired and resided on a piece of land. He and his wife were without children or other dependents. It was their intention that she should eventually join him in this state, and after the lapse of several years she did. As against a homestead claim, the court said :

"Koons, the owner of the property, had 'occupied' the same, but his family never had ; and Koons, the owner of the property, had 'occupied' the same as a 'residence,' but his family never had. This did not meet the requirements of the homestead-exemption laws. It is the *family* of the owner, and not merely the owner, who must *occupy* the homestead ; and it is the *family* of the owner, and not merely the owner, who must occupy the same as a *residence*. Such are the requirements of the homestead-exemption laws of Kansas. In many states the homestead exemption is given to the owner who has a family, or to the head of a family ; but in Kansas it is given with special reference to the *family*, and must be *occupied* by the *family as a residence*."

The italics in the above quotation are those of the court making the decision.

In *Shirack v. Shirack*, 44 Kan. 653, 24 Pac. 1107, it appeared that a husband and wife and their infant child resided on a homestead. The parents died. A guardian of the person and property of the child was appointed. The guardian removed the child from the homestead to his own residence, a few miles distant, and there kept it. The court held that the land, having been the homestead of the child and its parents, descended to the former in the same character, notwithstanding the child did not, and by reason of its

tender years could not, occupy it. It must be observed, however, that this holding is supported by section 2 of the statute of descents and distributions (Gen. Stat. 1901, § 2504), which gives a homestead standing in the name of an intestate to his widow or children who continue in its occupancy. The statute is broader than the constitution. The statute allows a homestead to children or a child. The claim of exemption in the case cited was made on the statute rather than the constitution, and while, by the terms of the statute, occupancy by the child was required, yet, on the strength of the liberal rule cited and quoted in the opinion, constructive occupancy was deemed sufficient, there being no evidence of a purpose on the part of the guardian permanently to detain the child away from its homestead, and the child being too young to form an intention to abandon its homestead.

We think that the language of Mr. Justice Valentine in *Farlin v. Sook*, supra, wherein he remarks that homestead exemptions sometimes may descend to the sole survivor of the family, has relation to cases like that of Shirack, or those presenting analogous features. However, those remarks do not form any part of the decision in that case. The learned justice merely referred to the fact that there were decisions to the stated effect, and did it only for the purpose of differentiating the case in hand from the class mentioned.

In *Battey v. Barker*, 62 Kan. 517, 64 Pac. 79, it appeared that the family became reduced by death to an unmarried adult daughter. Her claim of homestead exemption was denied for the reason that she alone did not constitute a family, and, following *Farlin v. Sook*, supra, and *Koons v. Rittenhouse*, supra, it was again held that the homestead exemption, so far

as the constitutional provision is concerned, is for the benefit of families and not single individuals.

The above-cited cases are those which have the most direct bearing on the question involved in the present controversy. In general theory and scope, they are opposed to the contention of the ·defendant in error. They could not be otherwise, because the constitutional exemption is for the benefit of the family, and if there be no family there can be no exemption. The broader terms of the statute may sometimes extend the exemption to a single person, as was shown in *Shirack v. Shirack*, supra, but the constitution limits the exemption right to families. The word "family" denotes a collective and communal body, and not a single individual. No one can be his own family. There is no more reason for continuing the homestead exemption to a sole adult survivor of the family than there would be to confer it on him in the first instance. The latter, we know, has not been done, and before it can be said that the former has been done, some warrant must be found in the law for saying it. We know that constitutions and statutes allowing exemptions are liberally construed in favor of exemption claimants, but, nevertheless, the spirit and intent of the exemption privilege must be found in the words of the exemption grant, looked at in the light of its object, and not utterly beyond such words, or in opposition to them. The homestead interest is not an estate in land. It has been sometimes spoken of in loose and inaccurate speech as an estate, but only to characterize it as a right secured by law. It is an exemption of land under stated conditions. If the conditions do not exist, or having once existed are at an end, the exemption ceases. The views above expressed are in harmony with the rule which the text-

Ellinger v. Thomas.

writers have collected out of the various decisions. (Wapl. Home. & Exempt. ch. 3, sub-title, "Claiming after Loss of Family.")

A further fact is now to be noticed. After the death of the wife of defendant in error and the removal of his children, and after the recovery of the judgment against him, one of his daughters, a married woman, together with her husband and children, moved into the house that he occupied. The daughter and son-in-law pay rent to the defendant in error, and furnish him board, and he retains the occupancy of one room of the house. Whatever effect the combined occupancy of the defendant in error and his daughter and her family might have to initiate and continue a homestead right, and as to that we express no opinion, it cannot operate retroactively to divest the judgment lien which had theretofore attached to the property. This is settled and fundamental. (*Ashton v. Ingle*, 20 Kan. 670, 27 Am. Rep. 197.)

The matters herein recited were agreed to be the facts of the case. Under this agreement, the question for the court below, as for this court, was one of law alone. The judgment is therefore reversed, with directions that one in lieu of it be entered in favor of the plaintiffs in error.

All the Justices concurring.