CAROLINE M. MATHEWSON *et al.* v. J. W. SKINNER, *as Trustee, etc., et al.*

**No. 12,961.**   (71 Pac. 580.)

SYLLABUS BY THE COURT.

HOMESTEADS AND EXEMPTIONS—*Title of Wife—Road Notice.* A wife occupying with her husband a homestead, the legal title to which is in the latter, is not an owner of the land, within the meaning of section 6019, General Statutes of 1901, relating to notice of proceedings in the establishment of a highway.

Error from Sedgwick district court ; D. M. DALE, judge.   Opinion filed February 7, 1903.   Affirmed.

*Holmes & Norcross*, for plaintiffs in error.

*Smyth & Helm*, for defendants in error.

The opinion of the court was delivered by

BURCH, J. : Plaintiffs in error are husband and wife.  The husband holds the legal title to a tract of land occupied by himself and wife as a homestead. Through this homestead a road was established by proceedings regular in every respect, unless it was necessary to serve on the wife the six days' notice provided by section 6019, General Statutes of 1901, which reads as follows :

"It shall be the duty of at least one of the petition-

ers to cause six days' notice to be given in writing to the owner or owners or their agents, if residing in the county, or if such owner be a minor, idiot or insane person, then tó the guardian of such person, if a resident of the county, through whose land such road is proposed to be laid out and established, and also six days' notice to the county surveyor, of the time and place of meeting, as specified in the notice of the commissioners. Copies of said notice to owners of lands, with affidavits of service attached, shall be filed in the county clerk's office before said road shall be established."

Such notice was not served on the wife, and the question is, Did the omission to do so render the proceedings void and authorize an injunction against opening the road?

The statute requires notice to the owner. In *Vining v. Willis*, 40 Kan. 609, 614, 20 Pac. 232, 234, it was said :

"But it may be claimed that the ownership of the homestead is in the family in the aggregate, and not merely in the person in whom the legal title is vested ; and therefore, that whenever a transfer of the ownership is had, in whatever mode or by whatever means, it is an alienation of the homestead *from* the family. The constitution, however, says that 'a homestead . . . occupied as a residence by the *family of the owner* . . . shall not be alienated without the joint consent of husband and wife when that relation exists.' This clearly implies that it was not intended that the family as a family or any member thereof, except the ostensible owner, should be considered as an 'owner.' 'The family' and 'the owner' are clearly contradistinguished by the constitution itself."

In that case extensive quotations were made from *Jenness v. Cutler*, 12 Kan. 500, and *City of Leavenworth v. Stille*, 13 id. 539, where it was decided that the whole estate in the homestead is in the holder of the

title, and that the homestead right is no estate, but merely a right of occupancy with a restriction on the power of alienation.

In *Hughes v. Milligan*, 42 Kan. 396, 22 Pac. 313, Commissioner Holt uses the word "estate" in connection with a description of the interest in question; but in *Matney v. Linn*, 59 Kan. 613, 54 Pac. 668, the court made itself clear in the following paragraph of the syllabus:

"Where the complete legal title to the homestead is in the wife, the contingent interest of the husband does not rise to the rank of an estate; his interest is a right of occupancy, with a restriction on the wife's power to alienate the same without consent."

So in *Ellinger v. Thomas*, 64 Kan. 180, 185, 67 Pac. 529, it is said:

"The homestead interest is not an estate in land. It has been sometimes spoken of in loose and inaccurate speech as an estate, but only to characterize it as a right secured by law. It is an exemption of land under stated conditions. If the conditions do not exist, or having once existed are at an end, the exemption ceases."

No right which does not include at least some estate in the land can properly constitute ownership of it, or constitute the proprietor of such right an owner. There is, therefore, no proper sense in which the wife can be said to be the owner of the land in question.

It is true that Mr. Justice Valentine, in *Comm'rs of Smith Co. v. Labore*, 37 Kan. 480, 15 Pac. 577, used the following language:

"Now it is not necessary in this case, in order to sustain the judgment of the court below, that any one of the Labores should be awarded anything as a tenant or lessee, or anything for any injury done to the land of either of the others. Each originally claimed,

and we may consider each as still claiming, damages only for injuries done to his own land. But may not tenants or lessees have an award of damages for losses sustained by them by reason of condemnation proceedings? . . . . The word 'owner,' as used in the statutes relating to condemnation proceedings, may perhaps be construed to apply to every person having any interest in the property to be taken.''

It will be noted, however, that these observations are purely speculative and do not profess to fix a rule. If such were the intention, the decision in the case of *Goodrich v. Comm'rs of Atchison Co.*, 47 Kan. 355, 27 Pac. 1006, 18 L. R. A. 113, holding a mortgagee not entitled to notice of the opening of a road, would be wrong, for certainly a mortgagee has an interest in the land covered by his mortgage; but he is not an owner. In the latter case it was said :

"There is nothing in our statutes that requires service of notice upon any one in such proceeding except the 'owner.' It has been seen that in our state a mortgagee of land is not the owner thereof. The mortgagor holds the legal title, and, in the absence of stipulations to the contrary, the right of possession. He is regarded as the owner of the land, and when in possession by himself or agent notice to him or his agent is, in proceedings to establish a public road, notice to the 'owner,' to the full intent of our statute requiring such notice.''

In holding that a railway company is entitled to damages occasioned by laying out a road across its right of way, the same justice based his argument upon the fact that the interest of the railway company is not only an estate in the land, but such an estate as constitutes it the dominant owner. (*K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 Kan. 716, 26 Pac. 394.) . . .

The husband being the owner, and entitled to what-

ever damages might result from opening the road, notice to him was sufficient, and no notice to the wife was necessary.

The judgment of the district court is therefore affirmed.

All the Justices concurring.