No. 19,049.

CHARLES R. SMITH, *Appellant*, v. PETER L. LANDIS, as Guardian, etc., *Appellee.*

### SYLLABUS BY THE COURT.

HOMESTEAD—*Lease by Guardian—Rent Inures to Benefit of Widow and Minor Children.* Upon the death of the owner of a homestead, whose wife, being insane, was cared for in a hospital, his five minor children continued in its occupancy. One of the children shortly arrived at majority, married and moved away. Another upon coming of age married and brought his wife to live upon the homestead. The guardian of the minor children, who was also the guardian of the widow, thought it desirable to find other temporary quarters for the minors, and executed a lease on the homestead to the son who remained in its occupancy, by which such son agreed to pay him a stated amount as rent. *Held,* that such amount inured to the sole benefit of the widow and minor children.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed December 12, 1914. Affirmed.

*Sample F. Newlon,* and *James Falloon,* both of Hiawatha, for the appellant.

*W. F. Means,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

MASON, J.: Joseph H. Smith died in December, 1909, being survived by five children, all of whom were minors, and by his wife. Previous to his death all the family resided upon the homestead, excepting the widow, who had been for some years, and still is, an insane patient at a state hospital. After his death, Peter L. Landis, who was already the guardian of the wife, was appointed guardian of all the children, who continued to occupy the homestead, cultivating it under his direction. In 1910 the two oldest children, Charles and Grace, were married. Grace removed from the place, but Charles brought his wife thither, and con-

tinued to reside there. This arrangement was not satisfactory, and for that reason the guardian found places elsewhere for the three minors, and executed to Charles an ordinary lease upon the homestead for the year beginning March 1, 1912, for a cash rent of $400, which Charles agreed to pay to the guardian. The probate court held that the guardian should employ the whole of this amount for the maintenance and support of the widow and the minor children, and the district court affirmed this decision. Charles appeals, and contends that he and Grace, the other adult child of the decedent, are entitled to share in it.

The question turns on the construction of the statute, the portions of which deemed to bear on the matter read thus:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied by the intestate and his family, at the time of his death, as a residence, and continued to be so occupied by his widow and the children after his death, together with all the improvements on the same, shall be wholly exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children." (Gen. Stat. 1909, § 2936.)

"If the intestate left no children, the widow shall be entitled to said homestead; and if he left children and no widow, such children shall be entitled to the same. (Gen. Stat. 1909, § 2938.)

"If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided, one-half in value to the widow and the other one-half to the children." (Gen. Stat. 1909, § 2939.)

The appellant contends that to deny to the adult children the right to participate in the income of the property is to interpret the word "children" in the section first quoted as meaning "minor children," an interpretation suggested and repudiated in *Vandiver v. Vandiver*, 20 Kan. 501. The question involved in that case had to do with the ownership of the property. That

now under consideration involves only the right of occupancy, or the right to the fruits of occupancy. In *Dayton v. Donart,* 22 Kan. 256, it was said:

"When a man dies intestate, leaving a widow and children, the ultimate title to his homestead descends to his widow and children just the same as the title to all his other real estate does, except that it descends to them subject to a homestead interest vested in the widow and such of the children as occupy the homestead at the time of the intestate's death." (p. 269.)

Whether a minor child who continued to reside upon the homestead would ordinarily lose any rights in that regard upon becoming of age does not require to be now determined, for a special phase of the matter is here presented. The widow, being insane, can not be regarded as having abandoned the homestead. (*Withers v. Love,* 72 Kan. 140, 83 Pac. 204.) Neither can the children who are still minors, in the circumstances stated. (*Shirack v. Shirack,* 44 Kan. 653, 24 Pac. 1107.) The daughter Grace, having married and established a separate domicile, may be deemed to have voluntarily parted with her right of occupancy. Charles can hardly be thought to have acquired, as against the other children, the right of having his own wife and family live upon the place. But in any event, the exact question presented here is very narrow. Charles Smith is in possession of the property, not in his capacity of an heir of his father, but as tenant under an express lease by which he agrees to pay to the guardian the sum of $400. The lessor is described in the instrument as "guardian of J. H. Smith estate," but he is in fact the guardian of the widow and the minor children. The money coming into his hands as guardian is for the sole benefit of his wards, as was correctly determined by the probate and district courts.

The judgment is affirmed.