Treat, C. J. Gates recovered a judgment against Turney, in March, 1842. No execution was issued thereon within a year. Turney died in 1844; and, in 1846, Gates sued out a scire facias to revive the judgment against his administratrix. An order was entered in that proceeding, that the judgment stand revived against the administratrix, and that the plaintiff have execution against the goods and chattels, lands and tenements of the intestate. The order was erroneous. The plaintiff was not entitled to execution on the judgment. He lost his lien on the lands of the intestate, by failing to sue out an execution within the year. The proper order would have been, that the judgment be revived against the administratrix, to be paid by her in the due course of administration. Welch v. Wallace, 3 Gilman, 490. In the distribution of the assets of deceased persons, under our statute, judgment creditors without a lien and simple contract creditors are put on the same footing. Paschall v. Hailman, 4 Gil., 285. The judgment of the Circuit Court will be reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.