W. J. RUSK, Appellant, *v.* WILLIAM NEWELL, Appellee.

APPEAL FROM RICHLAND.

The receipt of money from an agent in payment of the agent's indebtedness, knowing that it is the money of the principal, is not permitted.

In such a case the principal may sue for and recover back such money.

THIS was an action of assumpsit, commenced by appellee against appellant, in the Circuit Court of Richland county.

The declaration contains one special count, alleging the delivery to the defendant by the plaintiff, of money, to wit, $3,000, of the plaintiff, which the defendant promised to carry and deliver to Anderton Pruitt, to be expended in purchasing hogs for said William Newell, the plaintiff; that the said defendant had not carried or delivered the said sum of money to the said Pruitt as in duty bound to do, and refused and still refuses to deliver the same to Pruitt or the plaintiff; also (as it

Rusk *v.* Newell.

would seem,) in same count, for money lent and advanced, and had and received; with general breach.

Defendant pleaded the general issue.

Trial by jury; verdict for plaintiff below, for $1,000; judgment upon the verdict.

Defendant moved for new trial; which motion was overruled, and defendant, at the time excepted.

The bill of exceptions, which is as follows, shows the whole case: ·

Be it remembered, that on the 22nd day of November, A. D. 1859, being the ninth day of the term of said court, the above entitled cause came on to be heard before KITCHELL, Judge, and a jury.

The plaintiff then introduced *John Parker*, a witness, who testified that about the 25th of December last he was in the office of plaintiff, and saw plaintiff deliver a package of money to defendant to take to one Anderton Pruitt, of Jasper county, but did not learn the amount.

The plaintiff also introduced *James H. Parker*, a witness, who testified that he had a conversation with defendant in November, A. D. 1858; that said defendant said that Pruitt was buying hogs for plaintiff, and that defendant had also advanced to said Pruitt $500 to buy hogs for him; that he was to advance to said Pruitt other sums of money, and Pruitt was to buy hogs and feed them for defendant. That witness saw defendant again about the 27th of December, A. D. 1858; that he asked defendant how Pruitt was getting along, and defendant replied, very badly; that he would get no hogs on the money he had advanced; that Pruitt had contracted to buy hogs for Newell at a certain price, and that hogs had advanced, and that he believed he would break up; and that Pruitt was sending hogs to Cincinnati. In the month of April, 1859, witness had a further conversation with the defendant in Olney, when defendant told witness about the 25th of December, 1858, Newell sent twelve hundred dollars by defendant to Pruitt, and he delivered it to Pruitt, who paid to defendant $1,000 of the money on what he owed him, and sometime thereafter said it was only $975 that he got, although he had said it was $1,000.

The defendant then introduced *Horace Hayward,* as a witness, who testified that he had heard plaintiff say that defendant brought him a receipt for the money which defendant had taken for plaintiff to carry to said Pruitt.

The defendant also introduced *George F. Powers,* a witness, who testified that on a trial before him as justice of the peace, when plaintiff testified that defendant came to him and represented that Pruitt was very anxious that plaintiff should send

Cunningham *v.* Hamilton.

money, and that he (defendant) would take it to him. · That he then gave defendant twelve hundred dollars to carry to Pruitt to buy hogs for him, and that defendant afterwards brought a receipt from Pruitt for the money.

This was all the evidence in the cause.

STUART, EDWARDS & BROWN, for Appellant.

M. HAY, for Appellee.

BREESE, J.   The proofs in this cause abundantly show that the defendant below, had received from Pruitt, in payment of Pruitt's indebtedness to him, one thousand dollars of money belonging to the plaintiff, which he knew belonged to the plaintiff, and which the defendant had conveyed to Pruitt at the request of the plaintiff, for the purchase of hogs.   He knew Pruitt was the plaintiff's agent for such purpose, and well knew that being agent, he had no right to apply the money of his constituent to any other purpose than that for which it was sent to him.

It is true Pruitt gave him a receipt for the money, on account of plaintiff, but that fact is of no importance, as it is proved, that while with one hand he received the money, with the other he paid it out to the defendant, his creditor, in discharge of his own debt.   We make no comment on the morality of the transaction.   The defendant has received money belonging to the plaintiff, as the jury have found, and which *ex equo et bono*, he ought not to retain.   There does not appear to have been any exceptions taken to the instructions; they were, to the refusal to grant a new trial.   But the instructions are right; the proof sufficient, and the declaration sufficiently technical and correct to authorize the judgment, which we accordingly affirm.

*Judgment affirmed.*