## GEORGE FISHBACK
### *v.*
## HANNAH A. LANE *et al.*

1. HOMESTEAD — *sale of, when free from prior lien.* When the owner of a homestead sells it and delivers possession to the grantee, the deed not containing the statutory waiver, the grantee will, nevertheless, hold it discharged of the lien of a prior judgment. The delivery of possession is equivalent to an abandonment in favor of the grantee, though no abandonment as to third persons.

2. SAME — *surplus over one thousand dollars.* Where the homestead is worth over one thousand dollars, the judgment debtor can proceed under the statute o reach the surplus.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a bill in chancery, filed at the March term, 1864, of the Macoupin Circuit Court, by the plaintiff in error, to enjoin the sale of a homestead levied on under execution. There was a decree *pro forma* dismissing the bill, and the plaintiff sued out a writ of error. The facts are stated in the opinion.

Messrs. HAMILTON & GILBERT, for the Plaintiff in Error.

Messrs. PALMER & PITMAN, for the Defendants in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Lane recovered a judgment against Davis in the Macoupin Circuit Court. Subsequently, Davis made a deed of trust of his homestead to one Freeman, as trustee, for the benefit of Barnett, Leach and Lynch. Freeman sold under the trust, and the *cestuis que trust* became the purchasers, and received a deed. Davis gave them the possession, and they sold to Fishback, the plaintiff in error. There was no statutory waiver of the homestead in the deed of trust from Davis to Freeman. After the sale to Fishback, Lane, the judgment creditor, sued out execution and levied on the homestead. Fishback then filed his bill in chancery to enjoin Lane and the sheriff from further proceedings under the execution, and the bill, on motion of the defendant, was dismissed.

The questions involved in this case have already been substantially decided by this court. In the case of *Bliss* v. *Clark*,* decided at the Ottawa term, 1864, not yet reported, we held that the owner could sell and convey his homestead, and that the grantee would take it free from the lien of a prior judgment. In the case of *Brown* v. *Coon*, decided at the last Mount Vernon term, *ante*, p. 243, we held that a conveyance of the homestead by husband and wife, and a delivery of possession by them to the grantee, would invest the latter with the title,

---

* Reported in 39 Ill.

although the deed had not the statutory waiver.   The deduction from these cases is, that where actual possession is voluntarily delivered by the owner and his wife to the grantee, the latter will hold discharged of the lien of a prior judgment, even though the deed has no waiver of the homestead right. These cases proceed upon the ground that the owner, by delivering actual possession to his grantee, abandons the homestead as to him, and is estopped from setting up a further claim, although the deed contain no waiver; but that the act of selling, as to other persons than the grantee, is not an abandonment, but rather an express assertion of his homestead right, to be protected in order to render that right complete, and in no way exposing the homestead to the lien of a prior judgment.

These considerations dispose of this record so far as the homestead right is concerned, but that right extends only to one thousand dollars.   It is to be presumed that the property in controversy is worth more than that sum, as it sold to Fishback for sixteen hundred.   That question, however, can be determined hereafter.   The Circuit Court, instead of dismissing the bill, should have modified the injunction so as to restrain the defendant from interfering with the homestead right to the extent of one thousand dollars, but leaving him at liberty to proceed under the statute, to reach the surplus.   The decree is reversed and the cause remanded, with a view to further proceedings in conformity with this opinion.

*Decree reversed.*