GIDEON IVES and ELMORE DENNISON

*v.*

HIRAM MILLS and MARTHA A. MILLS.

1. HOMESTEAD — *abandonment when presumed*    An abandonment of the homestead will not be presumed from the fact that the head of the family has gone in search of another home, and being disappointed, returns to his old home.

2. SAME — *when mortgagee acquires right to.*    A mortgagee of land to which there is " a homestead right," acquires no right to the homestead unless it is released in conformity with the statute, and if the owner of the homestead right, sells the fee in the land to another, subject to the mortgage and buys it back, the mortgagee gets no right to the homestead.

3. SAME — *when it can be reclaimed.*    The homestead can be reclaimed by the vendor by cancelling the sale with his vendee, and then the mortgagee would get no right to forclose as to the homestead.

4. So when M, the owner of a house on lot on which he lived with his family, mortgaged the same to I, and afterwards sold to S, and left the premises, in neither case, released the homestead in pursuance of the statute, he can, on a reconveyance to him by S, and a return to the homestead, set up his homestead right, against proceedings by the mortgagee by bill in chancery to foreclose.

5. Though when M. sold to S, S agreed he would pay the mortgage, not being made to I, the mortgagee, it had no binding force, and on a reconveyance by S, M, was rehabilitated to his original right.

ERROR to the Circuit Court of Mercer county; Hon. C. B. LAWRENCE, Judge, presiding.

This was a Bill in Chancery to foreclose a mortgage executed by Hiram Mills and Martha A., his wife, to Gideon

Ives and Elmore Dennison, for lots three and four in block fourteen, in the town of New Boston, in Mercer county, to secure the payment of $685.45. The mortgage bore date April 9th, 1859. The bill is in the usual form to foreclose a mortgage.

The answer of the defendants admits the indebtedness and the execution of the mortgage and avers, that the lots mortgaged, were the homestead of the defendants. on which they resided at the time of making the mortgage, and now reside upon them; that he is a householder, having a wife named in the bill, and a family; that there is a house on the premises in which they resided and now reside; that the debt for which the mortgage was given, was not incurred for the purchase or in payment of the premises; that they are the owners of the property; that they have never released or waived their right to the homestead exemption, but now plead the same.

To this answer there was a replication and proofs taken from which it appeared that in the fall of 1859, Russ Scudder and his brother Lyman, traded a piece of land to Mills for these lots, promising to pay off this mortgage. Mills was to give them possession, so soon as he could move out, and he did give them possession in the spring of 1860, and went on to a farm about four miles off, and remained there from one and a half to two years. Mills got the Nebraska land of the Scudders to improve and make himself a home; that he did not move immediately and take possession of the land, as he alleged, he was not able. Russ Scudder moved into the house in May, 1860, and remained in it until September, 1861. Mills and his family, lived on the lots when the bargain was made with Scudder, and had lived on them for some years.

When Mills left the farm he went to, he came back in August or September, 1861, to New Boston, and to the lots in question, the Scudders having traded them back to him, on his complaint that the title to the Nebraska land was defective.

At the time of the purchase from Mills, the Scudders gave him two months in which to investigate the title to the Nebraska land, the agreement being, if the title was not good, it was not to be a trade. Mills has resided on the lots since the first of September, 1861, with his family. The deed from Mills and wife to the Scudders, bore date November 11th, 1859.

The cause was heard on the bill, answers, replication, and the proofs, and a decree rendered for the defendants.

The complainants in the bill bring the cause here by writ of error, and assign this decree as error.

Mr. GEORGE C. CAMPBELL argued for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

The facts in this case are, that the defendant in error, being indebted to Ives and Dennison, to secure the same, on the 9th day of April, 1859, executed and delivered to them, a mortgage on lot three, (3) in block fourteen, (14) in Turner's addition to the town of New Boston, in the county of Mercer. It was the homestead of Mills, and the mortgage contained no waiver of it. Mills and his family continued to reside on the premises, until in the spring of the following year, when he removed to the country and rented a farm. In November previous, Mills sold to, or exchanged with one Scudder, the premises, for eighty acres of land in the Territory of Nebraska, but on ascertaining the title was defective, the contract was rescinded in August or September, 1861.

The plaintiffs now insist, that the defendants in error cannot claim the benefit of the homestead act, by reason of this sale to Scudders, and though the contract was rescinded, they were not thereby, rehabilitated to their former rights.

In one of the first cases decided by this court, under this homestead act, we held, that an abandonment of the homestead, will not be presumed from the fact that the head of the family has gone in search of another home, and being

disappointed, returns to the old home. *Kitchell* v. *Burgwin and wife*, 21 Ill., 40. In what way could the mortgage affect this right? What rights did the mortgagees acquire by this sale to Scudders? Did they acquire any, they did not possess before the sale? We think not, and as the defendant in error had the capacity to sell and convey his homestead free from the mortgage, the mortgage not containing any relinquishment of the homestead right, could not affect this right. It was inoperative as to it. The principles of the case of *Green* v. *Marks*, 25 Ill., 226, are applicable to this case, and must control it. The verbal agreement to pay the mortgage, was not made to the mortgagees and was not binding, and when the lot was reconveyed, such agreement was virtually rescinded, and by the reconveyance, the defendant in error was put in the position he occupied before he conveyed.

The judgment of the court below is affirmed.

*Judgment affirmed.*

LAWRENCE, J., having tried the cause in the court below, took no part in this decision.