# MARY CLINGMAN *et al.*

*v.*

# HENRY HOPKIE.

1. SALE UNDER JUSTICE'S TRANSCRIPT—*filed after death of the debtor.* The filing of the transcript of a judgment recovered before a justice of the peace, in the circuit court, after the death of the defendant, and the issue of an execution thereon, confers no right on the creditor to levy upon and sell lands of the deceased defendant, or to redeem from a prior sale as a judgment creditor; and a sale of land in either case will be void, and may be attacked collaterally.

2. ADMINISTRATION—*remedy of judgment creditors.* Where a judgment is not a lien on the land of the defendant at the time of his death, the creditor can only collect his debt in the due course of administration, and his judgment has no preference or priority over any other creditors holding ordinary demands.

3. SAME—*execution can not issue within one year, and then not without notice.* When a judgment is a lien upon the land of the defendant before his death, no execution can be issued thereon before the expiration of one year after the defendant's death, and not then without three months' notice to the executor or administrator, as required by statute, or without a revivor by *scire facias.* A levy and sale in violation of these requirements are void, and pass no title.

4. REDEMPTION—*effect of, by one having no right.* Where a redemption of land, sold under a decree of foreclosure, was made after the death of the debtor by a judgment creditor, whose execution was void, and who had no right to levy and sell under the same, and the redemption money was accepted and acted upon as valid by the prior creditor, it was *held,* that

the acceptance operated to extinguish the prior sale, the same as if the redemption had been properly made, and re-invested the heirs at law of the deceased debtor with the title to the land, and that they were not precluded from contesting the title claimed by such redeeming creditor, by sale under his execution.

5. CHANCERY JURISDICTION—*remedy at law.* The loss of a justice's transcript filed in the circuit court, under which a sale of land was made, and under which a party claims title, affords no ground for equitable relief against the prosecution of an action of ejectment against him, as the remedy at law is complete by motion, on notice, in the circuit court, to supply and restore the transcript.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, filed by Henry Hopkie against Mary Clingman, Frederick Runge, Dorothea Rabe, and Bathine Runge, and Charles Schwear, her next friend, to enjoin the prosecution of an action of ejectment, instituted by Frederick Runge and Bathine Runge, by Charles Schwear, her next friend, against the complainant, for an 80 acre tract of land, and to correct the title. The opinion of the court contains a statement of the material and principal facts of the case.

Mr. THOMAS G. ALLEN, and Mr. LEVI DAVIS, JR., for the plaintiffs in error.

Mr. WM. HARTZELL, and Mr. J. PERRY JOHNSON, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, that on the 1st of January, 1852, Frederick Runge was the owner of the northwest quarter of the northeast quarter of section 15, town. 5 north, range 8 west, and the east half of the northeast quarter of the same section. On the 20th day of that month, he and his wife mortgaged the same to John Walsh, to secure the payment of $650 ; that Walsh died, and his brother, James, was appointed adminis-

trator of his estate; that on the 5th of April, 1859, the administrator filed a bill to foreclose the mortgage, and at the April term of that year he obtained a decree of the circuit court for a foreclosure, and sale of the property. On the 9th of July, in the same year, the property was sold by the master in chancery under the decree, and was bid in by the administrator, and he received a certificate of purchase for the same.

On the 16th day of January, 1860, one Rabe obtained a judgment, before a justice of the peace, against Runge, for $92 and costs, which judgment was assigned to complainant and one Kenker; that on the 5th of July, 1860, Runge died, intestate, leaving appellants and others his heirs. On the 3d of September, 1860, complainant and Kenker filed in the office of the clerk of the circuit court a transcript of the judgment recovered by Rabe against Runge, and on the 7th day of that month an execution was issued on the transcript to the sheriff, and placed in his hands to execute, and it was on the same day levied on the lands sold under the decree; that on the 18th day of the month, complainant and Kenker paid to the master the requisite sum to redeem from the sale under the decree, and on the 26th the sheriff sold the lands, and complainant and Kenker became purchasers of the same, having bid the amount of their execution in addition to the sum paid by them to redeem; that on the 14th of December, 1860, one of the heirs of Runge conveyed her interest in the premises to complainant; that Kenker, on the 31st of January, 1861, assigned all of his interest in the certificate of purchase to Rabe, and on the 24th of April, 1863, complainant assigned his interest to Rabe, and he, on the same day, received a sheriff's deed for the lands; that on the 28th day of the same month, Rabe conveyed the 80 acre tract to complainant; that appellants commenced an action of ejectment against Hopkie to recover this 80 acre tract, and he thereupon filed this bill to restrain them from further proceedings in their action. On a hearing in the court below, a decree was rendered granting the relief prayed, from which this appeal is prosecuted.

The foregoing facts appear from the bill and answer, and we propose to consider them as proved on the hearing. They were found in the decree, but there is no certificate of the evidence heard on the trial, nor does the decree state what evidence was heard—whether by depositions, oral or documentary evidence. But as these defects could be supplied readily on another hearing, we choose to regard all of the findings of the court as sustained, and determine whether the bill presents a case for relief.

The first and all-important question is, whether the filing of the justice's transcript, after the defendant's death, conferred any rights on his creditors, whether they thereby became entitled to redeem from the sale under the decree, or whether the whole proceeding, and all that grew out of it, was not void and of no effect.

In the cases of *Welch* v. *Wallace*, 3 Gilm. 490, *Paschall* v. *Hailman*, 4 Gilm. 285, and *Turney* v. *Gates*, 12 Ill. 141, it was held, that where a judgment is not a lien on the land of defendant at the time of his death, the creditor can only collect his debt in due course of administration. All debts not secured by a lien on real or personal estate of a deceased debtor, are placed on the same footing. No preference is given to any claim not thus secured. Hence a creditor can not sue and recover a judgment against the executor or administrator so as to reach real estate of deceased, but all claims not a lien must be probated and paid from the general assets of the estate.

In this case, the judgment before the justice of the peace, as all know, was not a lien on this or other property. And to make it a lien by filing a transcript in the circuit court, after the death of defendant, would be the same in effect as a recovery against the administrator. Such a judgment would create no lien, nor does the filing of such a transcript. Neither could an execution thereon be levied on real estate or on personal property. The death of the debtor suspends all

proceedings for the collection of debts against the deceased, except in the mode pointed out in the Statute of Wills.

On the death of the debtor, his real estate vests in his heirs, and his personal estate in his executor or administrator, on the granting of letters testamentary or of administration, for the benefit of creditors and the distributees or legatees. It would, therefore, be an anomaly to hold that by recovering a judgment against the representative of the estate, the funds he holds in trust for creditors, distributees or legatees could be perverted to pay a single, but a preferred, creditor.

Again, when a judgment is a lien on the land of a debtor before his death, the statute has prohibited an execution from issuing within a year after the defendant's death ; nor can it be issued after the expiration of that time, without three months' notice, as required by the statute, being given to the executor or administrator, or without a revivor by *scire facias.* And when an execution issues contrary to these requirements, and there have been a levy and sale, it has been repeatedly held that such a sale passes no title, but it is void, and may be attacked collaterally. *Pickett* v. *Hartsock,* 15 Ill. 279 ; *Brown* v. *Parker,* 15 Ill. 307 ; *Scammon* v. *Swartwout,* 35 Ill. 326 ; *Littler* v. *The People, ex rel. etc.* 43 Ill. 194. In this case these provisions of the statute were wholly disregarded, and the case falls within the principles announced in these cases.

These requirements are found in the same chapter which gives the right of redemption, and must be construed with the provision giving that right. The right to sell real estate, as well as for one judgment creditor to redeem real estate sold by another, is given and controlled entirely by the statute ; and in exercising the right, the material provisions of the statute must be observed to acquire rights under the statute. Courts are powerless to create new and different provisions not embraced in the law. Whilst it would, no doubt, be eminently just to permit a redemption and sale in the manner attempted in this case, it is manifestly not sanctioned

by the statute, but, on the contrary, it seems to be most clearly prohibited.

It is no answer to say that the time for the defendant in execution to redeem had expired, when these creditors interposed to redeem as such. It does not matter that the heirs then had no rights in the premises at that time. The question is, did appellee, or those under whom he claims, acquire any right to the premises. And we have seen they did not, nor has he shown any since acquired.

But, conceding that the heirs had no such claim, still, when the money was paid to· the officer, and the redemption money was paid to and accepted by Walsh, it operated to extinguish the sale, precisely as had the redemption been made before the expiration of the year from the date of the sale. No such right had matured, that the purchaser could not waive the time and permit a valid redemption; and such a redemption was made in this case. Nor does it change the effect of the act, that the money was paid by another than the heirs. It was paid to redeem, and was received as a redemption by the purchaser, and the parties have no power to give the transaction another form or direction.

Appellee having failed to show that he has a legal or equitable title, he had no right to restrain appellants from prosecuting their ejectment suit. Even if he had shown his sale regular and valid, the loss of the transcript by the circuit clerk would form no ground for equitable relief. It would only have required proper notice to have applied to the circuit court for leave to supply and restore the transcript, and on a proper showing the leave would be granted. The remedy at law is complete, and we can not see the slightest pretext for a court of equity taking jurisdiction.

The decree of the court below is reversed, and the bill dismissed.

*Decree reversed.*