Leonard W. Ingham, Administrator, Appellant, v. James H. Mitchell, Appellee.

1. WITNESSES—*qualification.* Witnesses are qualified to testify as to the rental value of certain farm land where it appears that they are experienced farmers, well acquainted with the productive value of land in the neighborhood and that one of them had cultivated some of the land in question.

2. ASSUMPSIT—*when no averment whether rental contract was express or implied.* On assumpsit for the rental value of certain land, where there is no averment whether the rental contract was an express or implied agreement, it cannot be urged that plaintiff's evidence as to rental value is inadmissible because he has not shown that there was no express contract.

3. ASSUMPSIT—*when proposition that an express rental contract existed need not be negatived by plaintiff.* In an action for the rental value of certain land, where there is no averment whether the rental contract was an express or implied agreement, plaintiff need not negative the proposition that there was an express contract, but may proceed on the theory that there was none.

4. EVIDENCE—*burden of proof.* Where in an action for the rental value of certain land there is no averment in the declaration whether the rental contract was express or implied and defendant raises the question of an express contract by a plea, he assumes the affirmative of the proposition.

5. Bill of exceptions—*when shown to contain all the evidence.*
It cannot be urged that a bill of exceptions fails to show that
it contains all the evidence introduced where it recites that "the
above and foregoing is all the evidence heard, offered or considered
by the court on the trial of this cause."

6. Costs—*against administrator.* It is error to render judg-
ment against plaintiff, administrator, for costs, and to award exe-
cution thereon, since the judgment should provide that costs are
to be paid in due course of administration.

Appeal from the County Court of DeWitt county; the Hon. Fred C.
Hill, Judge, presiding. Heard in this court at the April term,
1912. Reversed and remanded. Opinion filed October 15, 1912.

George K. Ingham, for appellant.

Herrick & Herrick and Edward J. Sweeney, for
appellee.

Mr. Justice Creighton delivered the opinion of the
court.

This was an action in *assumpsit* commenced by ap-
pellant against appellee in the County Court of De-
Witt County. The declaration contains one count, to
which appellee filed the general issue and notice of
set-off and payment. At the close of the evidence,
the court, upon the motion of the appellee, gave the
jury an instruction peremptorily directing them to
find the issues for the defendant, appellee, which they
accordingly did, and after overruling motion for new
trial, judgment was entered in accordance with the
verdict, and the appellant perfected his appeal.

Upon the trial of the cause, the following stipula-
tion of fact was entered into by the parties to the pro-
ceeding, and filed as a part of the evidence herein,
as follows: "that the plaintiff is the administrator
*de bonis non* of the estate of Lillian Stock, deceased;
that Lillian Stock, deceased, was from the beginning
of the year 1903 down to the time of her death, in
November, 1908, the owner of the following described
land: 62⅛ acres off of the full North side of the South

half of the Southwest quarter of Section 30, and that she also, from about the beginning of the year 1905, was the owner of an undivided one-third interest in and to 62⅛ acres off of the full South side of 160 acres off of the full North end of the Northwest one-fourth of Section 31, all of said land being in Township 19 North, Range 3 East of the 3rd P. M. in DeWitt County, Ill.; that as to the land last described, in which Lillian Stock had an undivided one-third interest, that the defendant, as tenant in common with her, also had an undivided one-third interest in the same land and that at the time of the beginning of this suit, and at the time of the death of Lillian Stock, the defendant was the owner of the other undivided one-third; that the tract first above described is a strip of land that was occupied and farmed by the defendant during the years 1904-5-6 and 7, as the tenant of Lillian Stock, and for the collection of the rent of which, this suit is in part brought.''

This stipulation admits the ownership of the lands in question to be in the deceased. Admits the administration upon the estate and the tenancy of appellee for the years 1904, 5, 6 and 7, and that this suit is for the collection of the rent upon said premises.

Appellant sought to show the rental value of the premises, for the years it was occupied by appellee, by the introduction of witnesses who rented and managed lands of similar character in the neighborhood where the lands here involved are located, and the following, among other questions, was asked: ''Now, then, tell the jury what was the reasonable, usual and customary rental value during the years 1904, '05, '06 and '07, of lands of the character and kind stipulated as the lands known as the 'Mitchell land' in the locality where it is situated?''

The following objections were interposed to the question, viz.: that no sufficient foundation was laid; that it was immaterial and incompetent and irrelevant; that the witness was not qualified to answer the

question and that the plaintiff is required to prove there was no express contract between plaintiff's intestate and the defendant, and the court sustained the objections.

The objections seem to be based upon two grounds. One that the witnesses have not qualified, and the other that the appellant had not shown, as a negative proposition, that there was no express contract between appellee and the deceased.

As to the first objection the record in this case shows that both witnesses who were to testify were experienced farmers, well acquainted with the productive value of lands in the neighborhood of the farm in question, and one of them had cultivated some of the land in question for a period. Therefore, we conclude that the qualifications necessary to enable men to form a judgment of the rental value before taking the witness stand had been shown.

As to the second objection, appellee seems to base it upon a theory that appellant would not be permitted to produce parol evidence under the *quantum meruit* rule until he had first made proof that no express contract for the rent existed.

Under the stipulation in this case it was not necessary for the appellant to make any proof in order to recover, except the rental value of the premises in question. Every other material and necessary allegation of the declaration is embraced in the stipulation. There is no averment in the declaration of the appellant as to whether the rental contract was an implied or express agreement. Consequently it was not incumbent upon the appellant to negative the proposition that there was an express contract. The objection cannot be sustained upon that ground. The first time the question of an express contract appears in the record is when appellee pleads to the declaration. The appellant had the right, and evidently did, proceed upon the theory that there was no express contract. Appellee, having raised the question of an ex-

press contract by his plea filed, assumed the affirmative of that proposition, and it was his duty to support it by evidence, if he desired to do so.

In this view of the case we are inclined to think the appellant was correct. If so, then it follows that the court erred in sustaining the objections of appellee and excluding the evidence as to the rental value offered on the part of appellant.

It is urged by appellee that the court cannot review the evidence introduced in this case because, as he alleges, the bill of exceptions fails to show that it contains all of the evidence introduced upon the hearing.

The bill of exceptions, on page 38, contains the following statement:

"The above and foregoing is all of the evidence heard, offered or considered by the court on the trial of this cause." Appellee is, therefore, in error as to the contents of the record on this question.

The court rendered judgment against the appellant administrator, and awarded execution thereon. This was error. In the early case of Welch v. Wallace 8 Ill. (3 Gilm.) 491, the court says: "the judgment should provide that costs are to be paid in due course of administration." And in the cases of Paschall v. Hailman, 9 Ill. (4 Gilm.) 285; Turney v. Gates, 12 Ill. 141; Darling v. McDonald, 101 Ill. 370, this rule is supported and upheld.

The judgment is reversed and the cause is remanded to the County Court of DeWitt County.

*Reversed and remanded.*