### In re Estate of Lazarus Silverman, deceased.
## On Appeal of Freda J. Wolf, Administratrix, Appellant, v. Estate of Lazarus Silverman, Deceased, Appellee.

### Gen. No. 18,942.

1. **Executors and administrators,** § 217*—*when judgment may be allowed as claim against estate without revival after seven years from date thereof.* A judgment may be allowed as a claim against the estate of the judgment debtor within twenty years from the date of its rendition without being revived by scire facias after the expiration of seven years, as provided by section 6, ch. 77, R. S., J. & A. ¶ 6756.

2. **Executors and administrators,** § 217*—*necessity of revival of judgment within year after issuance of letters to have judgment allowed as claim against estate.* Section 19, ch. 83 R. S., J. & A. ¶ 7214, does not require a judgment to be revived by scire facias or by an action of debt within one year after the issuance of letters testamentary or administration, in order to have the judgment allowed as a claim against the estate of the judgment debtor within twenty years from its date.

Appeal from the Circuit Court of Cook county; the Hon. H. Sterling Pomeroy, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914. Rehearing denied April 13, 1914.

Henry Roth, for appellant.

Elijah N. Zoline and Morris K. Levinson, for appellee; Edward F. Dunne, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

The judgment in this case must be reversed and the cause remanded, for the reason that in our opinion the trial court was in error in his view of the law applicable to the facts. Ernestine Wolf held a note made by Lazarus Silverman dated February 27, 1894. Judgmen on this note was had on April 14, 1896. On April

---

*See **Illinois Notes Digest, Vols. XI to XV,** same topic and section number.

23, 1900, Silverman was discharged in bankruptcy. It is said that subsequently he promised to pay Ernestine Wolf the amount of this judgment. Silverman having died, Ernestine Wolf presented her claim in the Probate Court against the estate of Lazarus Silverman, and it was allowed. Appeal was had to the Circuit Court, and Ernestine Wolf having died, Freda Wolf, her administratrix, was substituted. After trial without a jury in the Circuit Court the claim was dismissed.

The trial court was in error in holding as a matter of law that the judgment of April 14, 1896, became "outlawed on the 14th day of April, 1903, unless revived by scire facias or by an action in debt thereon in a court of competent jurisdiction," and in holding that the Probate Court could not allow the claim unless the judgment had been revived by scire facias or an action in debt, as provided for by section 6, chapter 77 of the Revised Statutes (J. & A. ¶ 6752). We are of the opinion that this section has no application here. It provides that no execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by scire facias. There is here no question touching the issuing of an execution; hence this section is not in point. Section 26, ch. 83, entitled "Limitations" (J. & A. ¶ 7221), is the statute which provides in effect that the life of a judgment shall be twenty years, and this section is controlling upon the point before us. Hence the judgment in question would not become "outlawed" until April 14, 1916, and was a proper subject for adjudication in the Probate Court, unaffected by any question of revivor by scire facias or otherwise. *Winslow v. Leland,* 128 Ill. 304 (339); *Clingman v. Hopkie,* 78 Ill. 152.

It was also error to hold that the claim was "barred by the limitation provided for in Section 19, Chapter 83, Revised Statute of Illinois [J. & A. ¶ 7214] for failure on her part to revive the judgment sued upon in this case by scire facias or by an action in debt with-

in one year after the issuance of letters testamentary of administration.'' Section 19 provides in effect for extending the time for bringing suit, where the debtor dies within the time limited, to a time after the expiration of the limitation but within one year after the issuing of letters. This has no bearing upon the situation under consideration if, as we hold under the statute, the life of the judgment runs for twenty years after its date.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*