In the Matter of the Petition of Vida M. Lehman, Individually and as Administratrix of Estate of Herman F. Mette, Deceased, Appellee, v. Inez Cottrell et al. Kathryn Koopman et al., Appellants.

Gen. No. 9,349.

Opinion filed January 26, 1939.

GREENEBAUM & BURNS, of Pontiac, EDWARD F. RIELY, of Minonk and GEORGE B. CRAVEN, of Chicago, for appellants.

J. H. McFADDEN, of Pontiac, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

This case involves a question of priority between two groups of creditors of Herman F. Mette, deceased. It arises from a controversy between judgment creditors on the one hand, and general creditors on the other. The question involved is whether judgment creditors have priority over general creditors to the proceeds derived from the sale of homestead premises in a proceeding by the administratrix to sell the property to pay debts.

Appellants obtained their several judgments against the deceased in the circuit court of Livingston county, during the month of December, 1932. Executions were issued upon the judgments at the time of entry, and placed in the hands of the sheriff of said county. They were returned unsatisfied.

The deceased acquired the premises involved in this proceeding in 1891. He went into possession thereof and resided thereon with his family, which consisted of his wife and four children. Two of the children died in infancy, his wife died in 1932, and his two surviving daughters are married and have homes of their own. Mr. Mette died intestate, in February, 1937. His daughter, appellee, was appointed and qualified as administratrix of his estate. There was insufficient personal property to pay the debts. The administratrix in December, 1937, filed a petition in the county court to sell real estate to pay debts. The only real estate of which the deceased died seized was the homestead premises. Appellants were made defendants in this petition. It was alleged therein that the premises in question constituted the homestead of the deceased, and that the reasonable value thereof was $800. Appellants' judgments were set out. It was alleged that the interests of appellants as judgment creditors were inferior to the right of the administratrix to sell the premises for the payment of debts of the decedent,

and that the same was free of lien because of such judgments.

Appellants by their answers, denied that the real estate was free and clear from incumbrances; denied that the deceased occupied the homestead until the time of his death; denied that the premises were worth only $800, but alleged the value thereof to be in excess of $1,000; alleged that they as judgment creditors had a lien against the same; denied that their rights were inferior to the rights of the petitioner to sell the premises to pay debts; and alleged that their rights were superior and constituted prior liens against the property with respect to the general creditors of the estate.

The court granted the prayer of the petition, finding the value of the premises involved did not exceed $1,000, and that they were occupied by the deceased as a homestead from, on or about December 30, 1891, to the time of his death. The court found that judgments were obtained by appellants as claimed; that executions were issued thereon at the time of entry of such judgments; and that said executions were not satisfied. The court further found the appellants' judgments were not liens against the premises; that the premises remained in the same situation as if such judgments had not been taken; and that appellants stood in the same position as general creditors of the estate.

Appellants prosecute this appeal from the decree of the county court as above rendered. They insist that as judgment creditors of deceased, they had the right to levy and sale by virtue of their judgments; that the lien of their judgments merely remained in abeyance during the continuance of the homestead right, and attached as soon as the homestead right ceased to exist; and that they were therefore entitled to be first paid from the proceeds derived from the sale of the premises before any distribution of such money should be made to the general creditors. They next urge that

the deceased abandoned the homestead approximately 2 years before his death, and that by virtue of this fact, their judgments became liens thereon, paramount to the rights of general creditors. It is also urged by appellants that the value of the premises exceeded the sum of $1,000. The testimony in the record wholly fails to support this latter contention, and no further reference thereto will be made.

Whether an abandonment of the homestead premises has taken place is a question of fact. The question in each case is, did the party intend to permanently relinquish and abandon his home. During the last year or two of his lifetime, Mr. Mette rented a portion of his home to a tenant, reserving unto himself certain rooms therein as his own, in which he moved his bed and other furniture and personal effects. He was old and not in good health. He spent a large portion of these last two years with his two married daughters, but during such time he did return to the homestead to obtain certain personal effects, or to exchange some for others. He was then an old man, he had built this house in 1891, and had spent his lifetime there. It does not appear from the evidence that he ever acquired a new homestead. His absence from the premises in question was temporary, due to his age and state of health, and we are not disposed to consider that such was designed to be permanent. It is generally recognized that a claimant for purposes of health, pleasure, business, or for any cause he may deem sufficient, may absent himself from his homestead without forfeiting his homestead rights, and the opinion sustained by the greater number of authorities is; that when no new homestead has been acquired, absence from the old one, unless for an extended period, does not create a presumption of its abandonment. To this effect are the cases of *Ives v. Mills*, 37 Ill. 73; *Potts v. Davenport*, 79 Ill. 455; *Palmer*

*v. Riddle,* 197 Ill. 45, 47. We are not favorably disposed toward the contention that Mr. Mette abandoned the premises as his home and homestead, and therefore this point has not been considered in the disposition of this case.

We now come to a consideration of what appellants' rights were upon the extinguishment of the homestead, by the death of Mr. Mette. Since homestead rights are created by statute, their application is largely one of statutory construction, and the statutory differences of the various jurisdictions, account for apparently conflicting results reached in cases of the several States. Therefore, cases from other jurisdictions would have no binding authority here, and owing to the diversity in general provisions and in the details of the statutes of other States, the use of decisions therefrom would be only productive of difficulties. However, the chief object of homestead laws is to shelter the family. In this respect we find that homestead statutes have a common purpose. It is well settled in the various jurisdictions that when a statute exempts a homestead from forced sale, a judgment against the homestead debtor will not create a lien thereon which can be enforced while it retains its homestead character in the hands of the debtor; but as to other effects of judgments upon an existing homestead, there are two conflicting lines of decision. One holds that the lien of a judgment does not attach to the homestead in any event, and that it may be conveyed by the judgment debtor free of such lien. This is the rule in this State. The other line of cases hold that the lien of a judgment does attach to an existing homestead, but remains dormant, or in abeyance, while the land continues to be occupied as a homestead, and becomes active and attaches as soon as the homestead right is lost, abandoned, terminated by alienation, or otherwise extinguished.

Those cases, which hold that a judgment is not a lien upon the homestead property, proceed upon the theory that a judgment is not a lien upon property which is not subject to execution and sale thereunder; that the lien of a judgment, like the homestead exemption, is purely a creature of statute, and that one statute having created and defined the lien of a judgment upon lands of the debtor, and another providing that a definite portion of the debtor's lands should be exempt from sale for the satisfaction of judgments against him, that the two statutes cannot stand together in their full extent, and the legislature will be deemed to have intended that the homestead exemption statute should be held to partially displace the statute relative to judgment liens. Those jurisdictions which have adopted an opposite view, base the same upon the assertion that the homestead exemption is not an assignable estate, but a mere possessory right, personal to the debtor, and does not run with the land. The weight of authority, as well as the better reasoning, is in favor of the doctrine adopted by this State.

At common law, land was subject neither to execution nor to the lien of a judgment. Both these results are purely statutory. The lien of a judgment and of an execution is almost universally regarded as arising from the right to sell property thereunder. Hence, where the right of sale cannot be asserted, the existence of the lien must be denied. Freeman on Judgments (3rd ed.), ch. 14, secs. 339, 340, 355; Freeman on Executions, par. 249, p. 388. It would follow as a logical result from the application of this general principle, that a judgment rendered after the creation and during the existence of a homestead, cannot be a lien thereon. The first and leading case in this State holding that the Act of 1851 created an exemption from the lien of a judgment is *Green v. Marks*, 25 Ill. 204, 207 (orig. ed. p. 221). To the same effect are *Fishback*

*v. Lane,* 36 Ill. 437; *McDonald v. Crandall,* 43 Ill. 231, 236; *Howard v. Logan,* 81 Ill. 383; *Nichols Shepard & Co. v. Spremont,* 111 Ill. 631; *Moore v. Flynn,* 135 Ill. 74; *Wike Bros. v. Garner,* 179 Ill. 257.

There have been three distinct periods in the development of the homestead exemption statute of this State. The first was from 1851 to 1857, during which the act of 1851 was in force. In 1857 the act of 1851 was amended. In 1872 the act of 1851 and the amendment of 1857 were repealed, and a new homestead law enacted. This was repealed in 1873 and re-enacted the same year. The Act of 1873 constitutes the present act, except for amendments to sections 4 and 10 thereof. Since the passage of the first act, the statutes exempting homestead property from execution and sale by virtue of judgment liens, have been so far uniform, that all the cases which have ever dealt with the subject, may be considered without reference to what statute they were decided under.

The Homestead Act of 1873 [Ill. Rev. Stat. 1937, ch. 52, § 1 *et seq.*; Jones Ill. Stats. Ann. 107.124 *et seq.*] expressly creates an exemption from "judgment" (sec. 1). This is further re-enforced by the provision that, "when a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not have been subject in the hands of such owner" (sec. 6). Accordingly, it has been held that a judgment is not a lien upon the property subject to the homestead exemption.

Thus, the debtor while in the enjoyment of his exemption, may transfer title to another, waiving the exemption, and delivering up possession of the property pursuant to the conveyance. The judgment having been no lien upon the homestead interest of the debtor, at the time of the conveyance, title thereto passed clear of any lien, and the homestead interest

could not, after the conveyance, be levied upon in the hands of the purchaser. This was so held by the cases above cited and by *Conroy v. Sullivan*, 44 Ill. 451; *Loomis v. Gerson*, 62 Ill. 11; *Leupold v. Krause*, 95 Ill. 440. From what has previously been said, we have seen that a judgment is not a lien on the homestead property. In addition to this, it has been held in *Winslow v. Leland*, 128 Ill. 304, 340; and *Clingman v. Hopkie*, 78 Ill. 152, 155; that after the debtor's death, a judgment creditor without a lien, has no preference, and stands on the same footing as simple contract creditors.

A judgment against the original householder cannot be a lien upon the reversionary interest in the hands of the heirs or devisees. *Brinkerhoff v. Everett*, 38 Ill. 263. Nor could an execution be levied on a reversionary interest upon such a judgment. This is not because the reversionary interest is subject to an exemption, but because there was never a time when the judgment could become a lien upon the $1,000 interest in fee. In the hands of the original householder, the fee in the property to the extent of $1,000, was exempt from the lien of a judgment, and at once upon the death of the original householder, title passed from him to his heirs or devisees. This situation is identical with that where the original householder conveys his $1,000 interest in fee while his exemption is in existence, and where it has been held that the judgment, never having been a lien on the $1,000 interest while in the hands of the transferor, cannot be a lien upon it in the hands of the transferee.

Immediately upon the death of Mr. Mette, the title to this property was transferred from him to his heirs, by operation of law. The judgments never became liens upon the property in dispute. The situation here presented is identical with a voluntary conveyance of the premises by the householder to a grantee or mort-

gagee. Since he possesses the right to voluntarily convey or mortgage the homestead free from judgment liens, it follows that the judgments could never become a lien upon the property, except upon abandonment thereof or a waiver of exemption. Abandonment of the homestead and death of the householder, are not at all similar. Abandonment requires the element of intent, and in such case the estate of homestead passes to nobody. The act of abandonment operates as a voluntary termination of the homestead exemption, and therefore the estate raised to support it, merely falls. Under such circumstances, the property becomes liable to the lien of a judgment the same as any other property of a debtor which is not subject to the Homestead Exemption Act, and it would appear that all prior judgments will attach at the moment of abandonment; that they have no precedence over one another, and that the judgment creditor who first proceeds to the enforcement of his judgment, will gain priority over the other judgment creditors. *Bliss v. Clark,* 39 Ill. 590, 596.

In the above case, the householder and his wife released the benefit of homestead by deed to a plaintiff in a junior judgment. The debtor and his wife then abandoned the premises and moved to another State. The junior judgment creditor proceeded with levy and sale. The holder of a senior judgment subsequently proceeded to levy and sale. It was held that the Homestead Exemption Act no longer exempted the property from levy and sale after the same was released to the junior judgment creditor and after the debtor and his wife had abandoned the homestead as above set out. After the senior judgment creditor had caused a levy and sale, an action of ejectment was brought against the purchaser under the levy and sale as made by the junior judgment creditor. Judgment therein for the defendant was affirmed. If the

plaintiff could have maintained his proposition that judgments are a lien upon real estate, irrespective of the Homestead Act, and merely held in abeyance thereby, then he must have prevailed. Failing to do this, his title was worthless. In that case the court held that the householder had the right to release and transfer his homestead exemption to a judgment creditor, and that the junior lien holder, having acquired such title, and first causing levy and sale to be made after the homestead was abandoned, was entitled to a priority over the senior judgment creditor and that his judgment became postponed to the rights of the junior judgment.

There is no claim in this case that any of the debts in question were contracted for the purchase price of the homestead property, or for any improvements or repairs thereon. We are of the opinion that the judgments of appellants did not at any time become liens upon the homestead estate of the decedent, and that upon his death the title thereto immediately passed from him to his heirs, by operation of statute. Under such circumstances, the county court was correct in holding that appellants stood in the same relation as general creditors of the estate, and its decree is affirmed.

*Decree affirmed.*