In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2726

IN RE: SCOTT N. JAFFE,

*Debtor-Appellee*,

APPEAL OF: LAVERNE WILLIAMS.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 C 04662 — **John J. Tharp, Jr.**, *Judge.*

ARGUED FEBRUARY 7, 2019 — DECIDED AUGUST 5, 2019

Before BAUER, HAMILTON, and BRENNAN, *Circuit Judges.*

BAUER, *Circuit Judge.*  Section 522(b)(1) of the United States
Bankruptcy Code states that a "debtor may exempt from
property of the [bankruptcy] estate the property listed in either
paragraph (2) or, in the alternative paragraph (3)." At issue in
this case is paragraph (3) subsection (B), which states, in full,
that:

> Property listed in this paragraph is any interest
> in property which the debtor had, immediately
> before the commencement of the case, an inter-
> est as a tenant by the entirety or joint tenant to

> the extent that such interest as a tenant by the
> entirety or joint tenant is exempt from process
> under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B). We must determine to what extent contingent future interests created by Illinois law are exempt under this section. The most natural reading of the statute exempts any interest held by an individual as a tenant by the entirety to the extent that state law exempts that particular interest. The district court found that any interest held by the debtor is exempt to the extent that state law exempted the entirety interest. We reverse the district court and hold that the debtor's property cannot be excluded from the bankruptcy estate.

## I.  BACKGROUND

In 1998, Laverne Williams wanted to file a medical malpractice lawsuit and hired Scott Jaffe to be her attorney. The statute of limitations expired before Jaffe filed a complaint and Williams sued for legal malpractice, obtained a default judgment, and recorded that judgment on a property that Jaffe and his wife owned as tenants by the entirety. Williams now claims post-judgment interest brings her total claim against Jaffe to $1.04 million.

Jaffe filed a chapter 7 bankruptcy petition in November 2015, which identified his debt to Williams and indicated it was secured by a judgment lien on his residence. On the petition date Jaffe and his wife owned the property as tenants by the entirety, but before bankruptcy proceedings were complete Jaffe's wife died. According to Illinois law, when his wife died the tenancy by the entirety terminated and Jaffe held

the property individually in fee simple. To avoid the judgment lien Jaffe filed a motion in the bankruptcy court arguing the property was exempt under 11 U.S.C. § 522(b)(3)(B). Williams responded that the property was not exempt because the federal bankruptcy provision that Jaffe relied upon looks to state law to determine whether a tenancy property is exempt. Because Illinois does not exempt contingent future interests, Williams argued, the federal bankruptcy statute does not allow Jaffe to exempt the property from the bankruptcy estate. On appeal the parties renew these arguments.

## II. DISCUSSION

We must first determine whether a lien exists and what interests it attached to. If no lien exists the debtor cannot seek an exemption under 11 U.S.C. § 522(f) and our inquiry is complete. *See In re Chinosorn*, 243 B.R. 688, 694 (Bankr. N.D. Ill. 2000) (noting there are "three elements for lien avoidance: (1) a lien must have fixed on an interest of the debtor in property, (2) the lien must impair an exemption to which the debtor would have been entitled under § 522(b), and (3) the lien must be a judicial lien—with the debtor bearing the burden of each element."). If a lien attached we must also determine to what interests it attached. Jaffe argues that, if any lien exists, it attached only to his tenancy interest which is exempt under Illinois law. Williams asserts her lien attached to Jaffe's contingent future interest in the property. If we determine a lien attached to a property interest we must then determine whether that interest is exempt under § 522(b)(3)(B). We will address each issue in turn.

### A.  The Existence of a Lien

If a judicial lien attaches to property that is entitled to exemption from the bankruptcy estate, § 522(f) allows the debtor to avoid the fixing of the lien. *See* 11 U.S.C. § 522(f). Illinois courts have not decided whether a judgment lien attaches to the individual interests (in particular contingent future interests) of a tenant by the entirety. Where a state's highest court has not ruled on an issue, we must apply the law in a manner we believe the state supreme court would, if presented with the issue. *Liberty Mut. Fire Ins. Co. v. Statewide Ins. Co.*, 352 F.3d 1098, 1100 (7th Cir. 2003).

To answer this question we turn to the applicable Illinois statutes, which have long controlled the attachment of judgment liens. *Lehman v. Cottrell*, 19 N.E.2d 111, 114 (2d Dist. 1939) ("At common law, land was subject neither to execution nor to the lien of a judgment. Both these results are purely statutory."). Section 12–101 of the Illinois code creates judgment liens and controls their ability to attach to certain property interests. The statute dictates that judgment liens may attach to all "real estate" and defines "real estate" broadly to include all "lands, tenements, hereditaments, and all legal and equitable rights therein." 735 ILCS 5/12–105.

The Illinois legislature enumerated the precise interests tenants by the entirety enjoy individually, including the following contingent future interests: "(a) an interest as a tenant in common in the event of a divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death." 765 ILCS 1005/1c. These

contingent future interests fall within the statute's broad definition of "real estate." Therefore, a judgment lien attaches to these individual interests, absent some exception. *See In re Tolson*, 338 B.R. 359, 369 (C.D. Ill. 2005). The only exception that 12-101 identifies is section 12-901—the homestead exception. *See* 735 ILCS 5/12-901 (the "homestead and all rights in and title to that homestead is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts or other purposes … .").

Otherwise, "where the Illinois legislature has determined that a judgment lien should not be created as to a debtor's interest in particular property, it has provided that the property is 'exempt from judgment,' *see* 735 ILCS 5/12-1001 (specified personal property), or that it is not 'subject to any lien,' *see* 820 ILCS 305/21 (workers' compensation award)." *Chinosorn*, 243 B.R. at 695–95. But Illinois does not "exempt from judgment" interests held in tenancy by the entirety or contingent future interests held by tenants by the entirety. Illinois law merely exempts the *tenancy interest* from the attachment of a judgment lien. 735 ILCS 5/12-112. Section 12-112 provides that judgment liens may attach to all "lands, tenements, goods and chattels." It then carves out a narrow exception, the tenancy interest, without mentioning the contingent future interests explicitly created by the Illinois legislature.

It is clear that if the Illinois legislature wanted to exempt particular interests from the attachment of judgment liens, it had no problem in doing so. Because the Illinois legislature failed to do so, we find that Williams's judgment lien attached to Jaffe's contingent future interest in the property. *See Yotis*,

518 B.R. at 486–90; *Tolson*, 338 B.R. at 367 (holding that "the contingent right of survivorship of each entireties tenant is a present property right to which a judgment lien extends.").

### B.  Exemption Under § 522(b)(3)(B)

Tenancy by the entirety is a form of property ownership that arose out of common law and developed as part of the English feudal system. Oval A. Phipps, *Tenancy by the Entireties*, 25 Temp. L.Q. 24 (1951). Until the nineteenth century, married women in the United States were subject to coverture. This meant a wife's legal identity and property were absorbed by her husband and he was granted legal dominion over everything. *Id.* Therefore, if a married couple purchased property, it could not be owned by the husband and wife because both spouses were considered a single legal entity (the husband). *Id.* Tenancy by the entirety was created so spouses could own property jointly and upon the death of one spouse the property would belong to the surviving spouse. Then, "during the middle and latter part of the nineteenth century, as part of a reform movement aimed at emancipating married women from their state of social and economic dependency, the Married Women's Property Acts were enacted practically universally by the legislatures of the several states." *Id.*

Following the passage of the Married Women's Property Acts, states splintered in their approach to tenancy by the entirety. Many state courts thought the acts destroyed tenancy by the entirety and a few courts held they were unaffected; several state courts gave both spouses the rights of the husband under common law and a large number of states found both spouses had only the limited interests a wife previously

had under common law. *Chinosorn*, 243 B.R. at 692–93 (collecting cases). States also divided over whether tenancy by the entirety encompassed real property and personal property, or just real property. *Id.* at 693. The Illinois judiciary found that the state's Married Women's Act abolished tenancy by the entirety but, in 1990, the legislature codified tenancy by the entirety for real estate owned by spouses who were using the property as their homestead. 765 ILCS 1005/1c.

Jurisdictions that recognize tenancy by the entirety, however, are not uniform in their approach to creditors' rights against the estate:

> A creditor's right to levy on a married person's property is complex, and varies by state and the type of debt and property. Every state allows satisfaction of a debt which has been jointly incurred by a husband and wife against jointly held property, even if that property is held in a tenancy by the entirety … . Some states allow the satisfaction of an individual spouse's debt against entireties property, but most do not.

Creditors' Rights Against Entireties Property In and Out of Bankruptcy, 1983 Ann. Surv. of Bankr. Law Part II (September 1983). With this kaleidoscopic background in mind, we turn to the bankruptcy aspect of this case.

A debtor's bankruptcy estate must include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This includes an individual debtor's interest in property held as a tenant by the entirety. *In re Hunter*, 970 F.2d 299, 303 (7th Cir. 1992); *Napotnik*

*v. Equibank & Parkvale Savings Association*, 679 F.2d 316 (3d Cir. 1982). All property in the estate is liquidated by the bankruptcy trustee and the proceeds are distributed to creditors based on their priority. 11 U.S.C. § 704. But the Bankruptcy Code allows debtors to exempt certain estate property. Exempt property is removed from the estate and retained by the debtor. Section 522(b)(3)(B) exempts:

> [a]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

The law of co-tenancies is almost exclusively a matter of state law since there is no general federal property law, therefore, the "applicable nonbankruptcy law" is Illinois law. The question here is to what extent § 522(b)(3)(B) exempts Jaffe's contingent future interest in the tenancy property. There is no dispute that a lien that attached to Jaffe's *tenancy interest* would be exempt. However, the nub of this case lies in the exemption of the lesser interests that are not exempted under Illinois law.

The district court interpreted § 522(b)(3)(B) to exempt Jaffe's contingent future interest in the entireties property, despite the fact that Illinois provides no exemption for these interests. In reaching this conclusion the district court partitioned the statutory language into four elements:

> § 522(b)(3)(B) exempts: (i) any interest in prop-erty; (ii) in which the debtor had an interest as a

> tenant in the entirety; (iii) at the time the bankruptcy petition was filed; (iv) to the extent that state law exempts an interest as tenant in the entirety from legal process.

*Jaffe v. Williams*, No. 1:17-cv-4662, slip op. at *4 (N.D. Ill. May 22, 2018). The district court noted that Jaffe had an interest as a tenant by the entirety (as well as contingent future interests) at the time the bankruptcy petition was filed (satisfying the first three elements). The district court then concluded that any interest he held (contingent future interests included) was exempt to the extent that the *tenancy interest* was exempt under Illinois law. And since Illinois exempts the tenancy interest, more specifically the forced sale of the tenancy property to collect a debt against just one tenant, all other interests Jaffe had as a tenancy by the entirety were exempt completely.

But the fourth element of the district court's analysis left out a key word—"such." Section 522(b)(3)(B) exempts certain interests "to the extent that *such* interest as a tenant by the entirety" is exempt under state law. By not giving sufficient weight to the word "such," the district court interpreted the statute to mean that any property interest is exempt to the extent that the entirety interest is exempt. But identifying what "such" refers to is the main interpretive issue in this case. If "such" refers just to "any interest," as Jaffe argues, the district court's conclusion is correct because the statute would exempt "any interest" the debtor had to the extent that any tenancy interest is exempt from state law. However, if "such interest" refers to something more limited, like the precise interests the

debtor was seeking to exempt, the district court's interpretation is incorrect.

Section 522(b)(3)(B) begins broadly by stating it exempts "any interest in property." The provision goes on to state that the debtor must have an interest in the property "*as a tenant by the entirety*" in order to claim an exemption, thus cabining "any interest in property." This means that if, for example, a tenant by the entirety transferred her interest in the income the property generated, the transferee could not claim an exemption under § 522(b)(3)(B) since she does not hold the interest *as a tenant by the entirety*. The provision goes on to state that the exemption applies "to the extent that such interests as a tenant by the entirety," meaning the precise interests that the debtor holds as a tenant by the entirety, are exempt under state law.

We read this provision to establish two things. First, the opening language indicates the interests that may qualify for exemptions—any interest the debtor has, so long as she holds that interest as a tenant by the entirety. The provision then defines which of those qualifying interests are exempt—all of the debtor's qualifying interests to the extent that they are exempt under applicable nonbankruptcy law. Our reading of the statute yields a simple result—interests a debtor holds as a tenant by the entirety are exempt to the extent that those interests the debtor holds as a tenant by the entirety are exempt under state law.

The statutory language does not support the argument that "such interest as a tenant by the entirety" is referring more broadly to "any interest in property" as Jaffe argues. It is much more sensible to read "such interest" as referring to the

complete introductory phrase, which identifies the debtor's specific interests that potentially qualify for an exemption. Additionally, the signifier ("such interest") and referent ("interest as a tenant by the entirety") use mirroring language indicating that the latter is referring to the former: "property in which the debtor had … an *interest as a tenant by the entirety* … to the extent that such *interest as a tenant by the entirety*" is exempt. This buttresses the conclusion that "such interest" was meant to refer to the specific interests that the debtor held as a tenant by the entirety, rather than only referring to "any interest."

Given the variety of rights, interests, and exemptions in tenancy by the entirety, it is likely that Congress enacted § 522(b)(3)(B) to reflect the full spectrum of different approaches states have taken. *See Chinosorn*, 243 B.R. at 700 ("the apparent intent of the provision is to provide, in bankruptcy, a level of protection from claims of creditors identical to the protection that owners of entireties property would have in collection proceedings outside of bankruptcy, under applicable state law."). "Any interest in property in which the debtor had … an interest" is broad, inclusive language that signals that all state exemptions for tenants by the entirety will be honored in federal bankruptcy court. But the district court's reading would mean that no matter how nuanced state exemptions for tenants by the entirety are, all interests would be exempt if the state exempts the entirety interest. This means that if Illinois decided to explicitly exempt the contingent future interests that Williams's lien attached to, such an exemption would be given no effect by a bankruptcy statute

that relies on state law. This interpretation leads to an absurd result and could not be what Congress intended.

Additionally, our reading of the statute is in line with each of our sister circuits that have considered the issue. While it does not appear that those cases involved arguments by the parties that required similar exegesis of the statutory text, the fact that the no party argued otherwise implies that the statute is naturally read as we read it today. *See e.g., In re Arango*, 992 F.2d 611, 613 (6th Cir. 1993) ("[W]e must first look to Tennessee law to classify Arango's interests in entireties property. We then determine which of those interest is exempt from his bankruptcy estate by determining whether *each particular interest* is subject to execution under Tennessee law" (emphasis added)); *Ragsdale v. Genesco, Inc.*, 674 F.2d 277, 239 (4th Cir. 1982) ("The phrase 'to the extent such interest … is exempt from process under applicable nonbankruptcy law' is of decisive importance. If the Ragsdales' residential real property could be reached to satisfy a state court judgment in Virginia, it could not be successfully claimed as exempt"); *Napotnik v. Equibank & Parkvale Sav. Ass'n*, 679 F.2d 316 , 322–23 (3d Cir. 1982) ("Since the debtor's interest in the real property owned with his wife as tenants by the entirety is not exempt from process in Pennsylvania because they are joint obligors, he is not entitled to exempt that portion of his equity subject to Equibank's judicial lien, and cannot avoid that lien under Section 522(f)").

Here, Williams obtained a judgment lien on Jaffe's contingent future interest that existed when Jaffe filed his bankruptcy petition. The first determination that must be made is whether Jaffe's interest is the kind that potentially qualifies for an

exemption under § 522(b)(3)(B). Any interest can qualify so long as it is an interest one holds "as a tenant by the entirety." Jaffe held his interest as a tenant by the entirety so we must determine whether the interest is exempt. This requires looking to Illinois law to determine whether contingent future interests are exempt from process.

The main protection that Illinois law provides tenants by the entirety is that a creditor is unable to force the sale of the property to collect a debt against only one of the tenants. 735 ILCS 5/12-112 (2014). Illinois law does not make all interests held by tenants by the entirety immune from process and we need not look hard for a state that does—Indiana law exempts "any interest the judgment has in real estate as a tenant by the entireties." Ind. Code § 34-2-28-1(a)(5); *In re Paeplow*, 972 F.2d 730, 737 (7th Cir. 1992). Illinois law explicitly refuses to exempt income from entirety properties and fails to provide an exemption for the contingent future interests. 765 ILCS 1005/1c; *see also Yotis*, 518 B.R. at 489–90 (holding that "any future interest that may be held by either tenant alone, such as the contingent future interest, is not exempt at all"). Accordingly, we find that Jaffe is not entitled to an exemption of his contingent future interest. The district court's conclusion otherwise was erroneous.

### III. CONCLUSION

Because the statute exempts an individual's tenancy interest to the extent that state law exempts that interest, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.